UNITED STATES of America, Appellee,

v.

John Edward KNIGHT, Appellant.

No. 89–1799.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1989.

Decided June 1, 1990.

having never served process upon him.

John D. Hudson, Des Moines, Iowa, for appellant.

Linda R. Reade, Des Moines, Iowa, for appellee.

Before WOLLMAN, Circuit Judge, and HEANEY, Senior Circuit Judge, and WEBB,* United States District Judge.

HEANEY, Senior Circuit Judge.

John Edward Knight pled guilty to bank robbery. Knight and the government entered into a stipulation which stated that Knight had accepted responsibility for the offense that he had committed and that Knight was entitled to a two-level reduction under the Sentencing Guidelines. The district court found that Knight had not accepted responsibility because it concluded that a plea of guilty, without other affirmative acts, is insufficient to justify the reduction under U.S.S.G. § 3E1.1. We reverse and remand.

## BACKGROUND

Knight's plea of guilty was subject to a written agreement between Knight and the government that stipulated, in part, that "the Defendant is entitled to a two-point reduction for acceptance of responsibility." The plea agreement further provided that the "Defendant understands that the Court is not bound to accept the guidelines computation of either party."

At the guilty plea hearing, Knight and the district court engaged in a colloquy and the plea was accepted. The district court advised Knight that "the Court is not bound to accept the guidelines computation of either party." Sentencing was scheduled, and the court ordered the probation office to prepare a presentence investigation report (PSI).

Both the government and Knight made objections to certain factual statements found in the PSI. Neither the government nor Knight, however, objected to the finding in the PSI that Knight was entitled to a two-point reduction for "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1. The PSI states:

Although Mr. Knight's admission was not timely, his guilty plea plus his admissions during the pre-sentence investigation warrant a two-level reduction of the adjusted offense level for acceptance of responsibility.

The court scheduled an evidentiary hearing, presumably to resolve the parties' objections to the PSI.

At this hearing, the court inquired into and resolved the parties' objections. The court then inquired into the two-level reduction for acceptance of responsibility. The district court allocated the burden of proof to Knight and asked for evidence or argument.

Counsel for Knight, while not prepared to discuss this issue, offered evidence that Knight had pled guilty, was debriefed by the probation office, offered his cooperation to the FBI, and was involved in a rehabilitation program. The government agreed with Knight, arguing that the reduction was in order because Knight had admitted his guilt and cooperated with probation office.

The district court rejected both Knight's and the government's position:

I may be the odd man out, but I'm not sure that there is enough here to convince me that he's entitled to it, and I would like to have counsel address this and demonstrate to me what the basis is for concluding that there is an adequate acceptance of responsibility to justify a downward adjustment of two points.

As I understand it, he didn't do much more than plead guilty, and then after he pleaded guilty he apparently was candid

* The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota, sitting by designation.

and cooperative with the probation officers. Anything else here to justify a conclusion that he accepted responsibility?

. . . .

Well, with all due respect to counsel of both sides and the probation officer's conclusion, I must disagree. I do not find acceptance of responsibility under the circumstances here. I think if we were to find acceptance of responsibility in this case I would almost be duty bound to find it in every single case where a defendant pleaded guilty and continued to concede his guilt in post-guilty plea discussions with the probation office. He will not be given a two point reduction for acceptance of responsibility.

*United States v. Knight,* No. 88–117, Transcript of Sentencing at 26–30 (S.D.Iowa Apr. 28, 1989).

Knight was assigned an offense level of 23 and sentenced to 50 months of imprisonment, which was within the sentencing range.[1]

## DISCUSSION

Section 3E1.1 of the Guidelines provides:
(a) If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his [or her] criminal conduct, reduce the offense level by 2 levels.

(b) A defendant may be given consideration under this section without regard to whether his [or her] conviction is based on a guilty plea or a finding of guilty by the court or jury or the practical certainty of conviction at trial.

(c) A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

The Application Notes to § 3E1.1 provide, in relevant parts, the following:

1. In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:

. . . .

(c) voluntary and truthful admissions to authorities of involvement in the offense and related conduct;

. . . .

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

. . . .

3. A guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence under this section.

. . . .

5. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation.

*Background:* The reduction of offense level provided by this section recognizes legitimate societal interests. *For several reasons, a defendant who clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense by taking, in a timely fashion, one or more of the actions listed above (or some equivalent action) is appropriately given a lesser sentence than a defendant who has not demonstrated sincere remorse.*

The district court stated, in concluding that a reduction for acceptance of responsibility is not in order, that it was "hard pressed to find anything more than a guilty plea, and the commentary suggests that is not enough in and of itself." Sentencing Transcript at 29.

---

1. If the adjusted offense level had reflected the two level reduction for acceptance of responsibility, the court would have found a total offense level of 21, with a sentencing range of 37 to 46 months.

The district court's view of acceptance of responsibility pursuant to § 3E1.1 is unduly narrow. Granted, Paragraph c and Application Note 3 of § 3E1.1 recognize that a defendant is not entitled to this reduction *as a matter of right* because he or she pled guilty. The district court interprets the above as requiring "some further affirmative act" on the part of the defendant to mandate the reduction. We disagree.

Rather, the reduction is in order if the defendant, by pleading guilty (and/or other actions), "demonstrates a recognition and affirmative responsibility for the offense" and "sincere remorse." U.S.S.G. § 3E1.1 *Background: United States v. Wivell*, 893 F.2d 156 (8th Cir.1990); *United States v. Allen*, 886 F.2d 143, 146 (8th Cir.1989); *see also United States v. Thomas*, 870 F.2d 174 (5th Cir.1989) (the reduction for acceptance of responsibility is available to a defendant who asserts innocence at trial but demonstrates sincere remorse after being found guilty).

Otherwise, the reduction would never be available to a defendant who is caught "red-handed" during the commission of an offense. Such a result is contrary to the reduction's stated mission of distinguishing a sincerely remorseful defendant from a defendant not manifesting penitence.

Likewise, the district court's standard would, in practical effect, eliminate the reduction found in § 3E1.1 for any defendant wishing to exercise his or her Fifth Amendment rights at any point in time before he or she sits down with an attorney to determine whether or not to enter a plea of guilty. This result is not compelled by the purpose of § 3E1.1. *See* U.S.S.G. § 3E1.1 *Background* (§ 3E1.1 merely recognizes that a defendant who manifests genuine remorse should receive a shorter sentence than a defendant who does not); *United States v. Thomas*, 870 F.2d 174 (5th Cir. 1989) (§ 3E1.1 does not impinge on a defen-

dant's right to trial because acceptance of responsibility can be determined from a defendant's conduct after trial). Courts should avoid interpretations of statutes that may conflict with the Constitution.

▇▇▇ In sum, we simply hold that the district court retained discretion to grant the two-level reduction for acceptance of responsibility pursuant to section 3E1.1 if it believed that Knight "demonstrate[d] a recognition and affirmative responsibility" and "sincere remorse" for the offense that he committed.[2] We cannot determine from this record whether the district court applied this standard or not. From the sentencing transcript, it appears that the district judge may have believed that a two-level reduction for acceptance of responsibility cannot be granted unless something more than a guilty plea is present. Nothing in the Guidelines, including the language of Application Note 3, required the district court to find that Knight exhibited any of the specific objective acts listed in Application Note 1 if it found that he had accepted responsibility. Therefore, contrary to the view set forth by the dissent, if a defendant pleads guilty for the offense that he or she committed, the district court *may* find that the defendant's guilty plea justified the two-level reduction pursuant to section 3E1.1.

The fact of the matter is that in the five largest district courts in this Circuit, a two-level reduction for acceptance of responsibility is given in 80 percent of the cases. Moreover, in one district, 94 percent of those pleading guilty receive a two-level reduction. It may be that in each case additional factors led the court to grant the reduction, but that seems unlikely. *See* Appendix.

Accordingly, we reverse the district court's denial of a reduction in Knight's total offense level for acceptance of responsibility.[3] On remand, the district court is

---

2. The significance of this issue is not inconsequential. We note that, in this instance, the two-level reduction would result in a four to thirteen-month reduction of Knight's "real time" served in federal prison.

3. Knight also argues that the district court denied Knight a meaningful opportunity to present evidence and argument on the issue of acceptance of responsibility and that the court erred in failing to advise Knight that he could not withdraw his plea. Because we reverse the

directed to evaluate the defendant's complete conduct, in light of the standard announced above, to determine if Knight accepted responsibility for the offense committed.

WOLLMAN, Circuit Judge, dissenting.

I would affirm the sentence. When read in the context of the entire Commentary to section 3E1.1, the "one or more of the actions listed above" referred to in the Background seem me to refer to the specific actions set forth in subsections (a) through (g) of Application Note 1 of the Commentary. Application Note 3 by its very wording assumes that some additional action or factor is necessary to establish a defendant's acceptance of responsibility, else why would it use the words "[a] guilty plea may provide *some* evidence"? (Emphasis added.) Here, the district court looked for, and was unable to find, any additional evidence of defendant's acceptance of responsibility. We have yet to reverse a district court's finding that a defendant has not accepted responsibility, and I would not do so in this instance.

district court's holding, we do not reach these issues raised in Knight's brief. Had we decided, however, that the Guidelines mandate that we affirm Knight's sentence, we would have remanded the matter to the district court with directions that it permit Knight to withdraw his plea of guilty.

## APPENDIX

The following data is drawn from the five largest districts in the Eighth Circuit.

| DISTRICTS | TOTAL DISP. | GUILTY PLEAS | TWO-LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY | | STAND'D DEVIA'N |
|---|---|---|---|---|---|
| | | | RECEIVED | NOT RECEIVED | |
| Dist. A | 231 | 186 (81%) | 175 (94%) | 11 (6%) | +5 |
| Dist. B | 268 | 193 (72%) | 127 (66%) | 66 (34%) | -5 |
| Dist. C | 249 | 210 (84%) | 162 (77%) | 48 (23%) | -1 |
| Dist. D | 130 | 110 (85%) | 93 (85%) | 17 (15%) | +1 |
| Dist. E | 63 | 50 (79%) | 42 (84%) | 8 (16%) | +1 |
| Total | 941 | 749 (80%) | 599 (80%) | 150 (20%) | |

■ = the percentage of criminal defendants

▓ = the percentage of criminal defendants who plead guilty

▒ = the percentage of defendants who receive the two-point reduction for acceptance of responsibility (U.S.S.G. § 3E1.1)

195

DEFENDANTS WHO PLEAD GUILTY AND RECEIVE
TWO-POINT REDUCTION FOR
ACCEPTANCE OF RESPONSIBILITY

■ = defendants who plead guilty

▓ = defendants who plead guilty and receive the two-point
reduction for acceptance of responsibility under
U.S.S.G. § 3E1.1