**UNITED STATES of America, Appellee,**

v.

**Dimitrios SKLAVENITIS, Appellant.**

**No. 89–5494.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1990.

Decided June 13, 1990.

Paul Engh, Minneapolis, Minn., for appellant.

Lonnie F. Bryan, Minneapolis, Minn., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Dimitrios Sklavenitis pled guilty to reentering the United States after deportation in violation of 8 U.S.C. § 1326. He was sentenced to 12 months imprisonment to be followed by one year of supervised release and a $50 special assessment. On appeal, he argues that the district court erred by

not reducing his offense level by two for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[1] Because the district court was under the impression that a defendant *must do something more than plead guilty* to receive the two-level reduction for acceptance of responsibility, we remand for resentencing.

## BACKGROUND

Sklavenitis entered the United States in 1974 without permission. On February 26, 1987, he pled guilty to the distribution of cocaine in violation of the laws of the state of Minnesota. He was deported and went to Greece.

On May 10, 1988, Sklavenitis flew from Greece to Toronto, Canada. At the airport, Canadian officials placed him in custody pending further investigation. He escaped custody. A few days later, he presented himself at Detroit for entry into the United States. The Border Patrol took him to an inner office. While the officers went to check the computers for his immigration status, Sklavenitis walked out of the office and illegally entered the United States.

He remained at large until June 4, 1989, at which time Border Patrol agents arrested Sklavenitis in Duluth near his wife's home. He had returned to Duluth to see his wife graduate from the University of Minnesota, Duluth and to see his children. Sklavenitis told the agents who he was and presented a Kentucky driver's license with his name on it. After being advised of his rights, he willingly responded to inquiry as to his background and alienage, and completed a Form 1-213, which the Patrol uses to record the "biographical data of each deportable alien that we apprehend."

Shortly before trial, Sklavenitis pled guilty to reentry after deportation. The court ordered a presentence investigation (PSI).

The PSI stated the following with regard to acceptance of responsibility:

The application notes to Section 3E1.1 state in determining whether a defendant qualifies for the acceptance of responsibility reduction in base offense level, appropriate considerations include voluntary termination or withdrawal from criminal conduct and voluntary surrender to authorities promptly after commission of the offense. This defendant returned to the United States after being deported and warned that he could not apply for readmission for five years. Furthermore, he escaped from Canadian and United States Immigration authorities and remained in the United States more than one year until he was apprehended by Border Patrol Officers who had his wife's house under surveillance. He does not appear to warrant the two level reduction for acceptance of responsibility.

Sklavenitis objected to this finding. In asserting that he accepted responsibility, he pointed to his guilty plea. He also relied on the government's statement at sentencing that Sklavenitis "admitted the major elements of the offense charged and did so with some deal of specificity. So the United States … would have to say that the defendant did make a specific statement and he did admit to the offense charged." Finally, he relied on his statement at sentencing in response to the court's question whether he had anything to say. He responded, "Just that I'm sorry I broke the law." The government adopted the PSI, and the district court denied the reduction. The court stated:

The thing that bothers—not the only thing, but the major thing that bothers me about [Sklavenitis'] argument is that the Sentencing Commission is quite definite in saying to judges that mere plead-

---

**1.** Sklavenitis also argues that the district court erred in its computation of his criminal history category. We hold that argument is without merit.

The significance of his acceptance of responsibility claim can be seen from a comparison of the sentencing ranges with and without the two-level reduction. Without the two-level reduction, the sentencing range is six to twelve months. With the two-level reduction, the sentencing range is two to eight months.

ing guilty or confessing to the crime is not acceptance of their responsibility.

.　.　.　.　.

As to your acceptance of responsibility argument, it would seem there is logic behind your approach. Unfortunately, I fear there is not much law. The mere fact that a defendant pleads guilty and during the course of pleading admits to incriminatory conduct does not mean he has accepted responsibility.

*United States v. Sklavenitis,* No. 5–89 Crim. 15, Sentencing Transcript at 10–13 (D.Minn. Sept. 20, 1989).

## DISCUSSION

 The district court did not reduce Sklavenitis' offense level by two for acceptance of responsibility under section 3E1.1 because it believed that its hands were tied by the language of section 3E1.1 and its commentary. During sentencing, the court stated: "[T]he Sentencing Commission is quite definite in saying to judges that mere pleading guilty or confessing to the crime is not acceptance of their responsibility." Sentencing Transcript at 10. This language indicates that the district court based its decision primarily on its conclusion that a guilty plea, without something more, is not sufficient to justify the two-level reduction for acceptance of responsibility.[2]

The district court's interpretation of section 3E1.1 is too narrow and was rejected in *United States v. Knight,* 905 F.2d 189 (8th Cir.1990). In *Knight,* we held that a district court retains discretion to grant the two-level reduction for acceptance of responsibility if it believes that the defendant "demonstrated a recognition and affirmative responsibility" and "sincere remorse" for the offense he or she committed. *Id.* at 191. The fact that the defendant only pleads guilty is not conclusive in determin-

ing either that the defendant did accept responsibility or that the defendant did not accept responsibility. *Id.*[3]

Because the district court appears to have concluded erroneously that the Guidelines tie the district court's hands by prohibiting the reduction unless the defendant does something in addition to pleading guilty, we remand for resentencing pursuant to the standard adopted in *Knight.*

---

**2.** Rather than this explanation, the district court may have been stating that it believed that Sklavenitis' plea of guilty did not manifest his acceptance of responsibility. We cannot determine from the record whether the district court intended this or intended not to reduce Sklavenitis' sentence because it did not retain the discretion to do so, unless Sklavenitis did something more than plead guilty.

**3.** In the five largest district courts in this circuit, a two-level reduction for acceptance of responsibility is given in four out of five cases where the defendant pleads guilty. *See* Appendix to *United States v. Knight,* 905 F.2d 189 (8th Cir.1990). In one of the districts, 94% of defendants who plead guilty receive the reduction. *See id.*