UNITED STATES of America, Appellee,

v.

**Randall Dennis FURLOW, Appellant.**

No. 90–2392.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Dec. 6, 1991.

Michael Dwyer, St. Louis, Mo., for appel-
lant.

John E. Hall, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge,
and HEANEY and BRIGHT, Senior Circuit
Judges.

HEANEY, Senior Circuit Judge.

Randall Dennis Furlow appeals his guide-
lines sentence. He argues that the district
court erred in finding that he was an orga-
nizer or leader of criminal activity and in
denying him an acceptance of responsibility
reduction. For the reasons stated below,
we remand for resentencing.

BACKGROUND

On April 23, 1990, Furlow pled guilty to
each count of a three-count indictment

172

charging him with violating 18 U.S.C. § 2113(b), the federal bank robbery statute. Each count charged Furlow with illegally obtaining $350 from a bank in Cape Girardeau, Missouri. Subsequent to this plea and pursuant to section 6B1.4 of the sentencing guidelines, the government and Furlow stipulated that on December 9, 1988, Furlow passed seven forged checks, including the three that formed the basis for the indictment, at three different banks in the Cape Girardeau, Missouri area. The stipulation stated that Furlow had stolen blank checks from his former sister-in-law, forged seven of them, partially deposited the forged checks to accounts maintained by other individuals at the three banks, and requested that the remainder of the checks, $350 of each check, be given to him in cash. In the stipulation, Furlow also admitted to similar activity in nine other states by which Furlow obtained over $25,000 in cash.

Based on these facts, the district court found Furlow's base offense level to be 4. The court then added 6 points pursuant to section 2B1.1(b)(1)(G) for the $25,000 theft amount, added 2 points because the offense level involved more than minimal planning, and added 2 more points for Furlow's role in the offense as an organizer or a leader. The court declined to credit Furlow for acceptance of responsibility, so his final offense level was 14. With a criminal history category of VI, Furlow's guidelines range was 37 to 46 months, and the court imposed a 42–month sentence on August 17, 1990. Furlow appeals this sentence.

## DISCUSSION

### I. Organizer or Leader of Criminal Activity

■ Furlow contends that because he acted alone in forging the checks, the section 3B1.1(c) enhancement for being an organizer or a leader was improper. The government counters that while the offenses for which Furlow was convicted did not involve other individuals, undisputed evidence shows that Furlow recruited another individual to perpetrate an identical fraud scheme in Georgia. Moreover, the government claims section 1B1.3(a)(2) specifically provides that the aggravating role adjustment in 3B1.1 "shall be determined on the basis of ... all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G., § 1B1.3(a)(2) (1991).

■ On November 1, 1990, this guideline was amended by the Introductory Commentary to Part B of Chapter Three of the guidelines. This amendment was not in effect on the date of Furlow's sentencing. In this situation, we do not apply the amended guideline retroactively. *See United States v. Dortch*, 923 F.2d 629, 632 n. 2 (8th Cir.1991) ("Because appellant was sentenced before the effective date of the amendment, the 1990 amendment does not apply."). Prior to this amendment and to Furlow's sentencing, this circuit held "[s]ection 3B1.1 is an enhancement for defendant's role in the offense of the conviction, not his role in collateral conduct." *United States v. Streeter*, 907 F.2d 781, 792 n. 4 (8th Cir.1990); *see also United States v. Pettit*, 903 F.2d 1336, 1341 (10th Cir.1990); *United States v. Tetzlaff*, 896 F.2d 1071, 1074 (7th Cir.1990); *United States v. Williams*, 891 F.2d 921, 926 (D.C.Cir.1989). The district court therefore erred in applying the organizer/leader enhancement for Furlow's conduct in Georgia.

### II. Acceptance of Responsibility

■ Furlow also urges that the district court erred in not granting him a two-level reduction for acceptance of responsibility. In support of his argument, Furlow emphasizes that he pled guilty without the benefit of a plea agreement—the United States Attorney for the Eastern District of Missouri refuses to make sentencing agreements—and that he stipulated to conduct beyond that involved in the offenses of conviction. This uncharged conduct added three-levels to Furlow's guidelines' offense level, increasing his guidelines sentencing range from 27 to 33 months to 37 to 46 months. In addition to these facts, Furlow also notes that he waived his right to a

removal hearing so that he could be brought to the Eastern District of Missouri to face the charges in this case.[1]

At the sentencing hearing, the district court expressed its belief that "the law say[s] that the mere pleading guilty is not in itself sufficient to indicate acceptance of responsibility." Our case law clearly holds to the contrary. *See United States v. Knight,* 905 F.2d 189, 192 (8th Cir.1990).

As we explained in *United States v. Sklavenitis,* 905 F.2d 1166, 1168 (8th Cir. 1990), when "the district court appears to have concluded erroneously that the Guidelines tie the district court's hands by prohibiting the [acceptance of responsibility] reduction unless the defendant does something in addition to pleading guilty, we remand for resentencing...." Accordingly, the district court should reconsider crediting Furlow with acceptance of responsibility. On remand, "the district court *may* find that the defendant's guilty plea justified the two level reduction pursuant to section 3E1.1." *United States v. Knight,* 905 F.2d at 192 (emphasis in original).

## CONCLUSION

We vacate Randall Dennis Furlow's sentence and remand this case to the district court for resentencing consistent with this opinion.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent. The district court added two points to the offense level for Furlow's "aggravating role" under guideline section 3B1.1 based on the finding that Furlow had recruited and utilized Cynthia Diane Freeman to perpetrate an identical fraud scheme in Georgia. After asking several rhetorical questions, the court concluded that Furlow's activities in Missouri and Georgia were "so intertwined and the testimony of the witness ... so positive and so in keeping with the totality of the circumstances," to be considered "one in the same offense." The court concluded

that Furlow's leadership role warranted an enhancement under section 3B1.1. We have frequently held that findings of fact in sentencing proceedings are to be reviewed under the clearly erroneous standard. The court today makes no mention of these findings in reaching its determination. I am satisfied that the district court's findings provide a sufficient basis to uphold the district court's application of this enhancement. Accordingly, I would affirm the district court's enhancement based on Furlow's aggravating role. The issues of whether the Georgia conduct was collateral and whether the guidelines amendments apply retroactively simply are not before us.

Similarly, I would affirm the district court's rejection of a two-level reduction for acceptance of responsibility. Here, the government made a detailed statement as to the extensive scope of Furlow's activities, including his passing of bad checks throughout the United States, and outlined the extent of Furlow's "acceptance of responsibility." The government stated that Furlow gave no statement to the FBI of his involvement in the crimes outside of Missouri, except to say that his criminal activities extended to all 48 continental states and 200 different cities, and that Furlow made no statements to authorities after his arrest. The government also stated that Furlow did not voluntarily withdraw from criminal conduct and continued to participate in illegal activity. In response, Furlow's counsel argued that a stipulation had been prepared admitting to other conduct. It was in this context that the district court stated, "Doesn't the law say, that the mere pleading guilty, is not in itself, sufficient to indicate acceptance of responsibility?" (S. Tr. 8–9).

The court today holds this statement by the district court to be contrary to our earlier decisions. In *United States v. Knight,* 905 F.2d 189 (8th Cir.1990), the district court commented that the defendant "didn't do much more than plead

1. Furlow had been arrested in Mississippi on state charges when federal authorities gained custody over him.

guilty," and that on the record before it, it would be duty bound to find acceptance "in every single case where the defendant pleaded guilty." *Id.* at 190–91. The district court further stated that it was "hard pressed to find anything more than a guilty plea, and the commentary suggests that is not enough in and of itself." *Id.* This court remanded the case for resentencing because we could not determine from the record whether the district court inquired into whether the defendant demonstrated "recognition and affirmative responsibility" and "sincere remorse" for his conduct. *Id.* at 192. The essence of our holding was that the district judge may have believed that the two-level reduction for acceptance of responsibility could not be granted unless something more than a guilty plea was present, and that a district court may find such a reduction called for even if the guilty plea is the only evidence before it. *Id.*

Similarly, in *U.S. v. Sklavenitis*, 905 F.2d 1166 (8th Cir.1990), we observed that the district court stated that the mere fact that a defendant pleads guilty and admits to an incriminatory conduct does not mean that he has accepted responsibility. *Id.* at 1168. We remanded the case for resentencing because we concluded that the district court may have mistakenly believed that its hands were tied in prohibiting the reduction unless the defendant does something more than enter a guilty plea.

I believe that this case is distinguishable from *Knight* and *Sklavenitis.* Here, the district court had both the positions of the government and Furlow's attorney before it, found the government's position persuasive, and concluded that Furlow was not entitled to a reduction based on acceptance of responsibility.

Guideline section 3E1.1(c) states: "A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." U.S.S.G. § 3E1.1(c) (Nov. 1990). I see nothing in the statement of the district court that does more than echo this guideline. Application notes 3 and 5 are also instructive. Note 3 states that entry of a guilty plea "combined with truthful admission of involvement in the offense and related conduct" is significant evidence of acceptance of responsibility, but "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3) (Nov. 1990). Here, the United States attorney outlined the limited extent of Furlow's admission of involvement. Note 5 also observes that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and the determination of the sentencing judge is entitled to great deference on review. U.S.S.G. § 3E1.1, comment. (n.5) (Nov. 1990). Applying the guideline and these application notes, I have no hesitation in concluding that the district court did not err in denying Furlow a two-level reduction for acceptance of responsibility.

I do not believe these views require a result contrary to *Knight* and *Sklavenitis.* Those cases, if they do not come dangerously close to creating a bright line rule, appear to cloud comments of district judges that a guilty plea does not entitle the defendant to the acceptance of responsibility reduction. The guidelines clearly state that a defendant who enters a guilty plea is not entitled to a reduction for acceptance of responsibility as a matter of right, but district courts that have referred to this plain language have had their comments interpreted in a manner so as to justify reversal. I believe our earlier opinions in this respect are in error, and should be considered en banc.