UNITED STATES of America, Appellee,

v.

Randall Dennis FURLOW, Appellant.

No. 90–2392.

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1992.

Decided Nov. 6, 1992.

Carter C. Law, Federal Public Defender, St. Louis, Mo., argued (Michael Dwyer, Federal Public Defender's Office, on the brief), for appellant.

Audrey Goldstein Fleissig, Asst. U.S. Atty., St. Louis, Mo., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY and BRIGHT, Senior Circuit Judges, McMILLIAN, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, and HANSEN, Circuit Judges.

HEANEY, Senior Circuit Judge.

Randall Dennis Furlow raises two sentencing issues in this appeal. He claims that the district court erred by (1) denying him a credit for acceptance of responsibility, and (2) enhancing his sentence based on a finding that Furlow was an organizer or leader of criminal activity. A panel of this court agreed with Furlow and vacated Furlow's sentence, one judge dissenting. *United States v. Furlow*, 952 F.2d 171 (8th Cir.1991). We subsequently vacated the panel opinion, and we now affirm the district court.

Furlow pleaded guilty to three counts of stealing bank deposits. After the plea but before sentencing, Furlow admitted that he had passed seven forged checks, three of which had formed the basis of the indictment. Furlow also admitted engaging in similar activity in nine other states. *Id.* at 172. After hearing argument on sentencing issues, the district court added two points to Furlow's offense level for his role in the offense as an organizer or leader, and declined to credit Furlow for acceptance of responsibility.

■ Furlow first claims that the district court should have granted him a two-level reduction for acceptance of responsibility. We will not disturb a district court's decision to deny or grant a credit for acceptance of responsibility unless that decision is clearly erroneous—as with other findings of fact, the district court is in a unique position to evaluate a defendant's acceptance of responsibility. *United States v. Amos*, 952 F.2d 992, 995 (8th Cir.1991).[1]

---

1. Several of our cases state that a district court's decision to grant or deny credit for acceptance of responsibility should not be disturbed unless the decision is "without foundation." *See, e.g.,*

*United States v. Evidente,* 894 F.2d 1000, 1002 (8th Cir.1990) (quoting a now-amended commentary to the acceptance of responsibility guideline). Assuming that this standard differs

The guidelines state that a defendant who enters a guilty plea is not entitled to a sentencing reduction for acceptance of responsibility as a matter of right. U.S.S.G. § 3E1.1(c). In the commentary, the application notes enumerate some seven factors that may be considered in determining whether a defendant qualifies for the reduction for acceptance of responsibility. The application notes further state that the entry of a plea of guilty before commencement of trial combined with truthful admission of involvement in the offense and related conduct is significant evidence of acceptance of responsibility. U.S.S.G. § 3E1.1 application n. 3. It is evident that the commentary directs district courts to consider all the facts surrounding the case when making this determination. From these guidelines and application notes, a number of conclusions follow. The determination of acceptance of responsibility should be based on consideration of all of the factors that are relevant, and while the guilty plea does not entitle a defendant to the reduction as a matter of right, a district court may, in its discretion, determine that the guilty plea under all the circumstances entitles a defendant to the credit when the plea demonstrates the defendant's recognition and affirmative acceptance of personal responsibility for the offense. U.S.S.G. § 3E1.1(a) (reduction appropriate when defendant clearly demonstrates a recognition and affirmative responsibility for his criminal conduct); U.S.S.G. § 3E1.1 ("reduction appropriate for defendant who demonstrates acceptance of personal responsibility by taking one or more of the actions listed above or some equivalent action"). We have remanded cases for resentencing when it was plain from the record that the district court believed that it was prohibited from granting credit for acceptance of responsibility under a guilty plea alone. In *United States v. Sklavenitis*, 905 F.2d 1166 (8th Cir.1990), we stated that the district court concluded erroneously that its hands were tied unless the defendant does something in addition to pleading guilty.

In *United States v. Knight*, 905 F.2d 189 (8th Cir.1990), we could not determine whether the district court applied the guideline in its entirety. The district judge may have believed that the reduction could not be granted unless something more than a guilty plea was present. These cases, however, do not involve the situation where the district court, considering all the facts before it, including the plea, makes a determination as to whether the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility in deciding whether the defendant is entitled to the two-level reduction for acceptance of responsibility.

Furlow invites us to follow *Sklavenitis* and *Knight* and remand for resentencing. According to Furlow, the district court mistakenly thought that a guilty plea, by itself, was insufficient to justify a reduction for acceptance of responsibility. We acknowledge that Furlow's argument has some force. The record reveals that during the sentencing hearing the district court asked Furlow's counsel "doesn't the law say, that the mere pleading guilty, is not in itself, sufficient to indicate acceptance of responsibility?" After the district court's query, however, Furlow's counsel simply argued that Furlow had done more than just plead guilty. The government then disputed Furlow's claims in this regard and urged the district court to deny Furlow credit for acceptance of responsibility:

> When this man was taken into custody, he didn't give any statement of his involvement in this offense or in any of the other instances of passing bad checks. He was mum with the FBI, other than to say that his criminal activity extended to all forty-eight continental United States and two hundred different cities. *If the Court is to give acceptance of responsibility, it would be for the only reason[ ] that he plead[ed] guilty to the counts pending in this district*.... He made no statements to the authorities,

from the "clearly erroneous" standard, for the sake of consistency we now use the clearly

erroneous standard of review.

after his arrest. It is true, that he continued to participate in this illegal activity, did not make voluntary withdrawal from criminal conduct, which is one of the things that's suggested under the guidelines, as a basis for allowing a two point reduction, under acceptance of responsibility. *Again your Honor, I think that if acceptance of responsibility is to be given in this case, it would be given solely because he plead[ed] guilty to the incident [sic] Indictment and for no other reason.*

Sentencing transcript at 7–8 (emphasis added). Significantly, the United States Attorney did not contend that a credit for acceptance of responsibility *required* more than just a guilty plea; he just disputed whether Furlow had done more than plead guilty and whether Furlow had truly accepted responsibility for his actions.

After a brief response from Furlow's counsel, the district court made the following finding:

The Court finds *that the Government's argument is persuasive.* I do not believe that under the circumstances of this case, the defendant is entitled to the extra two points for acceptance of responsibility, so I'll deny that request.

Sentencing Transcript at 9 (emphasis added). The court explicitly accepted the government's argument, which among other things acknowledged that acceptance of responsibility might be proper upon a guilty plea alone. Although it is a close issue, we are satisfied that on this record and after further briefing and argument that the district court recognized that it could grant a credit for acceptance of responsibility upon the defendant's plea of guilty if, after considering all the circumstances of the case, it was convinced he had accepted personal responsibility for his criminal conduct.

■ In the alternative, Furlow argues that he demonstrated his acceptance of responsibility by doing far more than simply tendering a guilty plea. While there is evidence in the record to support this view, there is also evidence to the contrary. The final decision to grant or withhold the credit is with the district court, and we will not upset its decision unless it is clearly erroneous. We do not find that to be the case here.

Furlow's second claim is that the district court erred by finding him a leader or organizer of criminal·activity. On this issue, the judgment of the district court is affirmed by an equally divided court.