7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Tyrone WHITEHEAD, Appellant.
 No. 93-2238.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 26, 1993.
Filed: November 3, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tyrone D. Whitehead appeals the sentence imposed by the district court[1] after Whitehead pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). We affirm.
 
 
 2
 It is undisputed that after Whitehead pleaded guilty to robbing the Northern Bank in Omaha, he told the probation officer preparing the presentence report (PSR) that he did not rob the bank; that he was in his motel room or at a shopping mall when the robbery occurred; and that he tendered his guilty plea as a means to a reduced sentence. The PSR indicated a base offense level of 20, with a two-level increase because the money was taken from a financial institution, resulting in a total offense level of 22 and a criminal history category of I. Thus, the Guidelines range was 41 to 51 months.
 
 
 3
 Whitehead objected to the PSR because it did not recommend a two-level reduction for acceptance of responsibility. At sentencing, he testified that he changed his story to the probation officer because he was scared, but that he had since admitted his guilt to the probation officer, he had written the bank teller and apologized, and he was sorry for the "stupid act" he committed.
 
 
 4
 The court found that Whitehead's statements to the probation officer were inconsistent with an acceptance of responsibility. The court noted that Whitehead denied that he committed the robbery in many respects, challenging the evidence, challenging his line-up, and presenting alibis. The court sentenced Whitehead to 41 months imprisonment, to be followed by a three-year term of supervised release. The court also ordered Whitehead to pay restitution and the mandatory $50 assessment.
 
 
 5
 After carefully reviewing the record, we conclude that the district court's finding that Whitehead was not entitled to an acceptance-of-responsibility reduction was not clearly erroneous. See United States v. Lublin, 981 F.2d 367, 370 (8th Cir. 1992) (standard of review). While a guilty plea that " 'demonstrates a recognition and affirmative responsibility for the offense' " and " 'sincere remorse' " can be a sufficient basis for a sentencing court to grant an acceptance-of-responsibility reduction, see United States v. Knight, 905 F.2d 189, 192 (8th Cir. 1990) (quoting U.S.S.G. § 3E1.1), a defendant who enters a guilty plea is not entitled to such a reduction as a matter of right. U.S.S.G. § 3E1.1, comment. (n.3). See also United States v. Furlow, 980 F.2d 476, 477 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993); United States v. Rodriguez, 979 F.2d 138, 140 (8th Cir. 1992). A lack of candor with the probation officer preparing the PSR can warrant the denial of a section 3E1.1 reduction. See, e.g., United States v. Miller, 951 F.2d 164, 165 (8th Cir. 1991).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska