26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Xao VANG, Appellant.
 No. 94-1020.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 8, 1994.
Filed: June 20, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 United States customs authorities determined the presence of opium in a package from Thailand addressed to Xao Vang at 1481 L'Orient Street in St. Paul, Minnesota. After a controlled delivery of the package and a search of Vang's residence, Vang was arrested and charged with conspiring to possess opium with intent to distribute, possessing opium with intent to distribute, and aiding and abetting the possession of opium with intent to distribute. A jury found Vang guilty, and the district court[1] sentenced him to a total of 51 months imprisonment and three years supervised release. Vang appeals his convictions and sentence. We affirm.
 
 
 2
 Vang first argues that the district court erred in denying his motion to suppress evidence-including over $24,000 in cash, a piece of opium, and firearms-not listed on the search warrant but seized during the search of his residence. We review for clear error the district court's decision to deny a motion to suppress. United States v. Jorgensen, 871 F.2d 725, 728 (8th Cir. 1989). We see no clear error in the district court's conclusion that the challenged evidence was properly seized under the plain view doctrine. See United States v. Evans, 966 F.2d 398, 400 (8th Cir.) (plain view doctrine permits police to seize item not specified on search warrant if police are lawfully in position to observe item, and its incriminating nature is immediately apparent), cert. denied, 113 S. Ct. 502 (1992). We do not consider Vang's related argument that the warrant was pretextual, because he did not raise it before the district court. See United States v. Bost, 968 F.2d 729, 734 n. 4 (8th Cir. 1992).
 
 
 3
 Vang's second argument is that the district court abused its discretion in denying his motion for a mistrial. During the trial, the prosecutor asked police officer Shaou Cha (who had acted as a translator during the search and arrest) whether he had been directed to ask Vang, a Laotian native, if he knew opium was illegal in this country. Before Cha could answer, defense counsel advised the court that that interchange had been suppressed. The prosecutor conceded his error. Counsel nonetheless moved for a mistrial.
 
 
 4
 We do not believe the district court abused its discretion in refusing to declare a mistrial. See United States v. Hernandez, 779 F.2d 456, 458 (8th Cir. 1985). Although the question was improper, we do not think it was so offensive in light of the entire trial as to deny Vang a fair trial. See id. at 460 (relevant factors are cumulative effect of such misconduct, strength of properly admitted evidence of guilt, and district court's curative actions). Our review of the transcript indicates that the government did not engage in repeated prosecutorial misconduct causing cumulative prejudice. Although Vang complains that the prosecutor remarked during his closing statement that "these people" knew opium was illegal in the United States, we see the statement-read in conjunction with the other closing remarks-as a comment on the evidence in response to Vang's cross- examination suggesting that he believed opium was legal. The government had a strong case against Vang, and the court immediately instructed the jury not to infer from the question anything about the investigation.
 
 
 5
 Finally, Vang argues the district court at sentencing improperly based its denial of his request for an acceptance-of- responsibility reduction on the fact that he exercised his right to go to trial. We disagree. See U.S.S.G. Sec. 3E1.1, comment. (n.2) (reduction is not intended to apply to defendant who puts government to its burden of proof at trial by denying essential factual elements of guilt and only admits guilt and expresses remorse after conviction). We conclude the district court did not clearly err in denying an acceptance-of-responsibility reduction. See United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc) (standard of review), cert. denied, 113 S. Ct. 2353 (1993).
 
 
 6
 Accordingly, we affirm.
 
 
 7
 A true copy.
 
 Attest:
 
 8
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota