29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
William Clarence FRAZEE, Appellant.
 No. 94-1620.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 8, 1994.
Filed: July 26, 1994.
 
 Before WOLLMAN, BEAM and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Clarence Frazee appeals his 63-month sentence imposed by the district court[1] after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922. We affirm.
 
 
 2
 According to the presentence report (PSR), Frazee had pleaded guilty to a felony in California, he was sentenced, and his supervision later was transferred to Arkansas. Mary Towner, Frazee's probation officer, received information that Frazee had violated several of his parole conditions. Towner conducted a home visit, and she and other searchers found an unloaded .38 caliber revolver in a box in a trunk next to Frazee's bed and a "sawed-off pump action fully loaded shotgun" in a tool box in Frazee's truck.
 
 
 3
 The PSR indicated an offense level of 20, a criminal history category of V, and an ensuing Guidelines range of 63 to 78 months. The PSR recommended against a reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1, indicating that Frazee had several previous weapons charges, that his probation had been revoked several times in the past for possessing weapons, and that he had defended his possession by saying that he did not intend to use the weapons but had them for deterrence. Frazee filed objections to the PSR, arguing that he deserved an acceptance-of- responsibility reduction. The parole office responded that, according to Towner, Frazee did not admit to possessing the weapons until the search revealed them and he had to be searched for a key to one of the boxes which he denied having.
 
 
 4
 At sentencing, Frazee asked for an acceptance-of- responsibility reduction. He contended the guns, which were sixty or seventy years old, were merely collector's items. After the court rejected this argument, Frazee claimed he had acquired the guns because he feared his enemies from California would be coming to Arkansas to get him. Frazee admitted he had been reluctant to give up his key, but noted that he had admitted the guns belonged to him after they were found. The court denied the acceptance-of- responsibility reduction, noting that nothing in the record indicated Frazee had ever learned from any prior experiences, and sentenced him to 63 months imprisonment to run concurrent with his state sentence, three years supervised release, and a $5000 fine.
 
 
 5
 On appeal, Frazee argues the district court erred in denying him an acceptance-of-responsibility reduction. Commentary to section 3E1.1 lists considerations for this reduction and states that the list is not all-inclusive. Section 3E1.1, comment. (n.1). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." Section 3E1.1, comment. (n.5).
 
 
 6
 Here, the court found that the circumstances in the case, including Frazee's prior history of committing exactly the same crimes, warranted a denial of the reduction. The court made it clear that Frazee's criminal history alone did not necessarily preclude a reduction, but only served as a factor in determining the sincerity of his remorse. We conclude the denial was not clearly erroneous. See United States v. Furlow, 980 F.2d 476, 476-77 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993).
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas