32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Patrick R. KIEFFE, Appellant.
 No. 94-1590.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 22, 1994.
Filed: August 2, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Patrick R. Kieffe pleaded guilty to assaulting and causing serious bodily injury to Rodney Bissonette, a Native American, in violation of 18 U.S.C. Secs. 1152 and 113(f). Consistent with his plea agreement, Kieffe's presentence report recommended that he be given a three-level reduction for acceptance of responsibility, resulting in a base offense level of 16 and a Guidelines sentencing range of 24 to 30 months. Kieffe objected to the PSR on the ground that he deserved a downward departure under U.S.S.G. Sec. 5K2.10 because of the victim's misconduct.
 
 
 2
 Following an evidentiary hearing, the district court[1] found that Kieffe's testimony regarding the assault was not credible. The court denied Kieffe a downward departure and an acceptance-of- responsibility reduction and sentenced him to 33 months in prison, the bottom of his revised Guidelines sentencing range. Kieffe appeals the district court's denial of an acceptance-of- responsibility reduction.
 
 
 3
 A defendant who pleads guilty is not automatically entitled to an acceptance-of-responsibility reduction. U.S.S.G. Sec. 3E1.1, comment. (n.3). The district court is in a unique position to evaluate a defendant's acceptance of responsibility, and its determination is entitled to great deference on appeal. See Id. at comment. (n. 5); United States v. Furlow, 980 F.2d 476 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993). Here, the district court found Kieffe's testimony not credible. It further found that he continued to blame others for his crime and concluded that he had not clearly demonstrated acceptance of responsibility for his offense, as Sec. 3E1.1(a) requires. The court correctly applied Sec. 3E1.1, and its decision is not clear error. Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota