36 F.3d 1101
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Steven Ambrose HERNANDEZ, Appellant.
 No. 94-1877.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1994.
Filed: September 29, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven Hernandez was previously charged with second degree murder and with using a firearm during the murder, but the jury was unable to agree on a verdict and the district court[1] declared a mistrial. Hernandez subsequently pleaded guilty to a superseding information charging him with voluntary manslaughter and use of a firearm in relation to the manslaughter, in violation of 18 U.S.C. Secs. 1153, 1112, and 924(c)(1). Hernandez appeals the sentence imposed by the district court following his guilty plea. We affirm.
 
 
 2
 Hernandez argues that the district court clearly erred in refusing to grant him a downward adjustment in his base offense level for acceptance of responsibility. The Guidelines provide for a two-level offense-level reduction if a defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. Sec. 3E1.1(a). A defendant who pleads guilty, however, is not entitled to the reduction as a matter of right. U.S.S.G. Sec. 3E1.1, comment. (n.3).
 
 
 3
 Hernandez maintained during the trial on the second-degree murder charge, and continued to maintain during sentencing for the voluntary manslaughter to which he pleaded guilty, that he did not intend to kill the victim. At sentencing, the district court indicated that it doubted Hernandez had shot the victim in self- defense or by accident, as Hernandez contended, and found credible the testimony of a witness who recounted a different version of the events. The court concluded that, although it believed Hernandez was sorry the victim died, it did not believe that he had completely come to terms with the acts and conduct that caused the victim's death. Mindful of the district court's opportunity to observe Hernandez and judge his credibility, we cannot say that the court clearly erred in finding that Hernandez had not accepted responsibility for the offense. See U.S.S.G. Sec. 3E1.1, comment. (n. 5) (because sentencing judge is in unique position to evaluate defendant's acceptance of responsibility, sentencing judge's determination is entitled to great deference on review); United States v. Yell, 18 F.3d 581, 583 (8th Cir. 1994) (acceptance of responsibility is factual question which depends largely on district court's credibility assessments); United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc) (clear-error standard of review), cert. denied, 113 S. Ct. 2353 (1993).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota