37 F.3d 1502
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Glenn C. SEMIN, Appellant.
 No. 93-3732.
 United States Court of Appeals,
 Eighth Circuit.
Submitted: Oct. 11, 1994.
Filed: Oct. 20, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Glenn C. Semin appeals his sixty-month sentence imposed by the District Court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 846. We affirm.
 
 
 2
 The presentence report (PSR) noted that Semin admitted purchasing only about fifty pounds of marijuana, while his co- conspirators claimed they had sold him between 150 to 200 pounds. The PSR held Semin accountable for 150 pounds of marijuana, converted that amount to 68.18 kilograms of marijuana, declined to recommend an acceptance-of-responsibility reduction, and indicated a base offense level of 22. Semin objected, inter alia, to the amount of marijuana for which he was held accountable and to the recommendation on acceptance of responsibility.
 
 
 3
 After Semin's two co-conspirators testified at sentencing, the court concluded a preponderance of the evidence showed that Semin was accountable for about 100 pounds (or 45.4 kilograms) of marijuana. The court found that Semin's base offense level was 20, that he had not accepted responsibility for his participation in the offense, and that his Guidelines range was seventy to eighty- seven months. The court applied 21 U.S.C. Sec. 841(b)(1)(D) (less than fifty kilograms), and sentenced Semin to the statutory maximum of sixty months imprisonment and to five years supervised release.
 
 
 4
 On appeal, Semin argues that his co-conspirators' testimony at the sentencing hearing did not meet the "indicia of reliability" required for the court to find that he was accountable for 100 pounds of marijuana. He also argues the testimony did not justify the court's denial of an acceptance-of-responsibility reduction.
 
 
 5
 A district court may consider any evidence in its sentencing determination as long as it has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Sec. 6A1.3(a). In determining drug quantity, "[t]he government bears the burden of proving by a preponderance of the evidence the quantity of drugs involved...." United States v. Smiley, 997 F.2d 475, 481 (8th Cir. 1993). The court's findings as to drug quantity attributable to a defendant will not be overturned on appeal unless clearly erroneous, and its findings as to witness credibility are " 'virtually unreviewable on appeal.' " United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)).
 
 
 6
 Here, the District Court acknowledged there were inconsistencies, but found one co-conspirator's estimate that Semin was accountable for about 100 pounds of marijuana to be the most credible and accurate. Although the other co-conspirator lowered his prior estimate of 100 to 150 pounds at the sentencing hearing, his testimony to the effect that he received seventeen- to twenty- pound shipments every several weeks over the course of two years and that Semin purchased marijuana from most of these shipments appears to corroborate the higher estimate. The court considered the inconsistencies, weighed all the evidence, and arrived at a figure supported by the preponderance of the evidence. See United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993) ("credibility determinations are not an all-or-nothing proposition").
 
 
 7
 We further conclude that, given the District Court's finding that Semin was responsible for almost twice the amount of marijuana he was willing to admit, the court did not clearly err in refusing to grant Semin a reduction for acceptance of responsibility. See United States v. Furlow, 980 F.2d 476, 476-77 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska