48 F.3d 1225
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Jimmie ELLIS, Appellant.
 No. 94-3065.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 23, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jimmie Ellis appeals from the sentence imposed by the District Court[1] after he pleaded guilty to criminal sexual assault of the sixteen-year old daughter of a family friend, in violation of 18 U.S.C. Sec. 2242(1) (1986). On appeal, Ellis argues the District Court erred in not granting him an acceptance-of-responsibility reduction. We affirm.
 
 
 2
 The presentence report (PSR) calculated a total offense level of 33, and a criminal history category of VI, based in part on a previous attempted rape conviction.[2] The resulting Guidelines imprisonment range of 235 to 293 months was reduced to 235 to 240 months to reflect the statutory maximum penalty. The PSR recommended against an acceptance-of-responsibility reduction. Ellis objected to the PSR's recommendation, and renewed his objection at sentencing. The District Court overruled Ellis's objection, denied the reduction, and sentenced him to 235-months imprisonment, a 2-year term of supervised release, and a $5000 fine.
 
 
 3
 This Court will not disturb the District Court's decision to deny or grant an acceptance-of-responsibility reduction unless that decision is clearly erroneous. United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993). Section 3E1.1(a) of the Guidelines permits an offense- level reduction if a defendant clearly demonstrates acceptance of responsibility for his offense. Ellis is correct that he was not required to volunteer or affirmatively admit relevant conduct beyond the offense of conviction to qualify for the reduction. See Section 3E1.1, comment. (n.1(a)) (1994); United States v. Austin, 17 F.3d 27, 30-31 (2d Cir. 1994). Nonetheless, "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." Section 3E1.1, comment. (n.5).
 
 
 4
 The District Court found that Ellis never admitted his conduct was wrong. See United States v. Behr, 33 F.3d 1033, 1037 (8th Cir. 1994). In addition, although Ellis admitted he engaged in the charged conduct, the Court found that Ellis did not disclose to the probation officer relevant information concerning the offense. Cf. United States v. Karam, 37 F.3d 1280, 1286-87 (8th Cir. 1994) (no error where defendant refused to discuss criminal conduct with probation officer), petition for cert. filed, No. 94-1241 (U.S. Jan. 4, 1995). Having carefully reviewed the record, we conclude the District Court did not clearly err in finding that Ellis had not "clearly demonstrated a recognition and affirmative acceptance of personal responsibility." See Furlow, 980 F.2d at 477; see also United States v. Lublin, 981 F.2d 367, 370 (8th Cir. 1992) (defendant bears burden of proving acceptance of responsibility and such determination depends largely on judge's credibility assessment).
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas
 
 
 [2]
 The PSR also noted a 1966 rape conviction, which was not included in the criminal history calculation