UNITED STATES of America, Appellee,

v.

Kenneth Franklin HIBBERT, Appellant.

No. 90–2333.

United States Court of Appeals,
Eighth Circuit.

Submitted March 6, 1991.

Decided April 3, 1991.

Evelyn Gwin, Springfield, Mo., for appellant.

Richard Monroe, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

PER CURIAM.

Kenneth Franklin Hibbert was convicted upon guilty pleas of possessing with intent to distribute amphetamine, 21 U.S.C. § 841(a)(1), and possessing firearms during a drug trafficking crime, 18 U.S.C. § 924(c). The district court[1] sentenced him to consecutive terms of forty-six months and five years, respectively. On appeal he argues that (1) the forty-six-month sentence violated his plea agreement; (2) he

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

should have received an acceptance-of-responsibility reduction in his sentence; and (3) there was an insufficient factual basis upon which to accept the firearms plea.[2] We affirm.

Hibbert agreed to plead guilty to the two above-mentioned charges in exchange for the government's agreement to dismiss the four other counts filed against him. Regarding Hibbert's drug charge, the plea agreement stipulated that the "readily provable amount" of drugs resulted in a base offense level of 16, U.S.S.G. § 2D1.1(c)(14) (at least 50 but less than 100 grams of cocaine equivalent); that a 2-level acceptance-of-responsibility reduction, § 3E1.1, might be available depending upon the probation officer's recommendation; and that a 3-level enhancement applied because the offense was committed while Hibbert was released on bond, § 2J1.7. The agreement stated the government would recommend that Hibbert's drug sentence not exceed twenty-seven months, but noted that the court was not bound by the parties' recommendations or stipulations and that Hibbert understood and agreed that the court could impose the statutory maximum term of imprisonment.

At the guilty plea hearing, the court told Hibbert that the statutory maximum sentence for the drug charge was twenty years and that the firearms charge had a mandatory consecutive sentence of five years. The court informed Hibbert that it was not bound by the government's recommended sentence of twenty-seven months and that it might find a different base offense level applicable. Hibbert admitted that on August 24, 1989, he possessed amphetamine, intending to distribute it. He also admitted he had two firearms "readily available ... in the general area of the drugs," and that he possessed the firearms to aid him in the distribution of the amphetamine.

The PSI stated that in May 1989 Hibbert was arrested in Oklahoma for manufacturing amphetamine/methamphetamine. He was released on bond and went to Missouri where he was arrested on July 12 for selling drugs and possessing firearms. After his release, Hibbert was arrested again on August 24 for the instant offenses. In February 1990, Hibbert pleaded guilty to a misdemeanor drug offense in the Oklahoma case.

The court found Hibbert's base offense level was 16 and added 3 levels under § 2J1.7. Based on Hibbert's series of arrests in Oklahoma and Missouri, the court denied the acceptance-of-responsibility reduction. His adjusted offense level of 19 and criminal history category of III (which included the Oklahoma conviction) resulted in a range of 37–46 months. The court sentenced Hibbert to forty-six months on the drug charge and sixty consecutive months on the firearms charge.

Hibbert's argument that the court improperly exceeded the government's recommended sentence on the drug charge is without merit. The plea agreement specifically stated that the court could sentence Hibbert anywhere within the statutory maximum. The court also told Hibbert at the plea hearing that it was not bound by the government's recommendation or the stipulated base offense level.

The record supports the district court's denial of the acceptance-of-responsibility reduction based on Hibbert's continued criminal conduct. *See* U.S.S.G. § 3E1.1, comment. (n. 1(a)); *United States v. Scroggins*, 880 F.2d 1204, 1215–16 (11th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). This decision did not result in Hibbert's being punished twice for committing the offense while on bond, because the denial of the reduction was based on his continued criminal conduct and not his release status.

**2.** Hibbert's argument, presented in a pro se reply brief, that the indictment should be vacated because amphetamine is not lawfully proscribed under the schedules of controlled substances, is meritless. *Cf. United States v. Roark*, 924 F.2d 1426 (8th Cir.1991) (methamphetamine is properly listed as Schedule II controlled substance). His claim of ineffective assistance of counsel, raised in the same brief, cannot be considered in this direct appeal *as it requires development of facts outside the record. See United States v. Murphy*, 899 F.2d 714, 716 (8th Cir.1990).

Lastly, there was a sufficient factual basis to support the firearms conviction. *See United States v. Boucher*, 909 F.2d 1170, 1175 (8th Cir.) (violation of section 924(c) is supported "by showing that a firearm is available for use during and in relation to a drug trafficking offense"), *cert. denied,* —— U.S. ——, 111 S.Ct. 350, 112 L.Ed.2d 314 (1990).

Accordingly, we affirm.