994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Martin HERNANDEZ-MEZA, also known as Joseph Martin
Hernandez-Martinez, also known as Joseph Herrera
Meza, also known as Jose Martin
Hernandez, also known as
Hernandez Jose Meza,
Appellant.
 No. 92-3753.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1993.
Filed: June 3, 1993.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Martin Hernandez-Meza appeals the thirty-month sentence imposed on him by the district court[1] following his guilty plea to unlawful re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326. He argues the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We affirm.
 
 
 2
 In the plea agreement, the parties stipulated that Hernandez-Meza had an adjusted offense level of 12 under U.S.S.G. § 2L1.2(a) and (b)(1), and a criminal history category of VI. The parties also stipulated that he should receive a reduction for acceptance of responsibility. The parties stated, however, that "[p]ursuant to Guideline Section 6B1.4(d), the Court is not bound by these stipulations, but may with the aid of the presentence report determine the factors relevant to sentencing."
 
 
 3
 In the presentence report, the probation officer recommended denying the reduction for acceptance of responsibility, stating that Hernandez-Meza had declared during two interviews that he would re-enter the United States if he was deported, and that he would continue to do so after every deportation. Hernandez-Meza objected to this recommendation, stating that the probation officer did not use an interpreter during the interviews (implying that the questions and answers were misunderstood), declined the government's request to conduct a third interview with the assistance of an interpreter, and failed to report that Hernandez-Meza had inquired about changing his immigration status through legal mechanisms. The probation officer responded that, although the services of an interpreter were offered to Hernandez-Meza during the presentence investigation, he turned down the offer (with his counsel present), stating that he understood the English language well enough to complete the interview without an interpreter. The probation officer also stated that, because he was aware of the impact of Hernandez-Meza's statements concerning his actions if deported, he interviewed him twice, and was careful to clarify his questions and Hernandez-Meza's answers. He was confident there were no misinterpretations. The probation officer stated that he declined the third interview because he believed Hernandez-Meza would then change his statements to meet the criteria for the acceptance-of-responsibility reduction. He also stated that an immigration agent had told him that Hernandez-Meza indicated to her that if he was deported he would immediately return to the United States. The probation officer finally stated his belief that, if a language barrier had existed, there would have been more inaccuracies in the PSR. At the sentencing hearing, the probation officer testified consistently with his written response. The district court overruled Hernandez-Meza's objection and denied him a reduction for acceptance of responsibility.
 
 
 4
 Hernandez-Meza argues on appeal that in denying him the section 3E1.1 reduction, the district court erred by focusing solely on his statement that he would re-enter the United States if deported, and by failing to consider that he voluntarily acknowledged and admitted his guilt, did not engage in inappropriate behavior while in custody, requested therapy and counseling for his drug and alcohol abuse, expressed a desire to continue his education and medical training, and did not attempt to obstruct the investigation which led to his prosecution. He also argues that the district court erred in finding that there were no misinterpretations of the questions and answers during the presentence interviews, and that upholding his sentence would have a chilling effect on the plea bargaining process.
 
 
 5
 The stipulation in the plea agreement that Hernandez-Meza accepted responsibility was not binding on the district court. See United States v. Nunley, 873 F.2d 182, 187 (8th Cir. 1989). Under the Guidelines, a court is not bound by stipulations in a plea agreement, but may, with the aid of the PSR, determine the facts relevant to sentencing. U.S.S.G. § 6B1.4(a) and (d), p.s. The parties agreed that section 6B1.4 was applicable. Therefore, Hernandez-Meza was not unlawfully denied any benefits of the plea bargain.
 
 
 6
 We give great deference to a district court's decision regarding acceptance of responsibility, and we will reverse the decision only for clear error. United States v. Aldridge, 985 F.2d 960, 962 (8th Cir. 1993). In denying the section 3E1.1 reduction, the district court believed the statements in the PSR and the testimony of the probation officer regarding Hernandez-Meza's intention to re-enter the United States if deported. We conclude the district court did not clearly err. See United States v. Adipietro, 983 F.2d 1468, 1479 (8th Cir. 1993) (district court's findings on witness credibility are virtually unreviewable). Although Hernandez-Meza pleaded guilty and expressed a desire to continue his education and to overcome his substance abuse problems, he also stated that he would continue his criminal activity by re-entering the United States. Such a statement indicates that he did not accept responsibility for his conduct. See U.S.S.G. § 3E1.1, comment. (n.3) (pleading guilty and admitting conduct comprising offense of conviction and related conduct is significant evidence of acceptance of responsibility, but this evidence may be outweighed by conduct that is inconsistent with such acceptance of responsibility); United States v. Rodriguez, 979 F.2d 138, 140 (8th Cir. 1992) (holding that defendant's demonstrated propensity to repeatedly commit same crime can be considered by court in evaluating defendant's acceptance of responsibility); United States v. Hibbert, 929 F.2d 434, 435 (8th Cir. 1991) (per curiam) (upholding district court's denial of acceptance-of-responsibility reduction based on defendant's continuing criminal conduct).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota