**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Long Son NGUYEN, also known as
Larry Nguygen, Defendant–
Appellant.**

**No. 94–3647.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1995.

Decided April 12, 1995.

Larry C. Pace, Kansas City, MO, for appellant.

Carla B. Oppenheimer, Kansas City, MO, for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MURPHY, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Long Son Nguyen appeals the district court's[1] denial of a two-level reduction in his base offense level for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (1988), and we affirm.

**I. BACKGROUND**

On March 8, 1994, Nguyen and a companion, Thu Van Le, were arrested as they were leaving a K–Mart located at 5615 East Bannister Road in Kansas City, Missouri, for making purchases with counterfeit credit cards. At the time of the arrest, Nguyen was in possession of a case of film and two counterfeit credit cards he used to purchase the film with. Le was in possession of a total of three counterfeit credit cards as well as a

---

1. The Honorable H. Dean Whipple, United States District Judge for the Western District of Missouri.

telephone and razor blades purchased with the counterfeit credit cards. A subsequent search of Nguyen's van produced two more counterfeit credit cards and an additional $22,266.34 in merchandise later determined to have been purchased with counterfeit credit cards. An eighth counterfeit credit card was later discovered at a Venture store in nearby Independence, Missouri, where Le had previously used and forgotten it. Nguyen later admitted to destroying two additional counterfeit credit cards which had reached their maximum credit limits.

After his arrest, Nguyen confessed to his involvement in the counterfeit credit card scheme. Nguyen admitted to flying from his home in Houston, Texas, to Kansas City in order to purchase counterfeit credit cards from an individual named Phung. Upon his arrival, Nguyen obtained ten counterfeit credit cards from Phung in exchange for Nguyen's promise to pay Phung $550.00 per card after Nguyen had used them. The two men then returned to a hotel where they met Le, a friend of Nguyen's from Houston. Over the course of the next two days, Nguyen and Le went on a shopping spree throughout the greater Kansas City metropolitan area until their subsequent arrest on March 8th. Nguyen admitted that he had intended to ship the merchandise back to Houston for resale.

On April 4, 1994, Nguyen was charged in the United States District Court for the Western District of Missouri with one count of conspiracy to use counterfeit credit cards in violation of 18 U.S.C. § 1029(b)(2) (1988), and three counts of use of a counterfeit credit card in violation of 18 U.S.C. § 1029(a)(1). On May 24, 1994, Nguyen signed a plea agreement providing that he would plead guilty to one count of use of a counterfeit credit card. The Government, in turn, agreed that Nguyen was entitled to a two-level reduction in base offense level for acceptance of responsibility. On May 26, 1994, Nguyen plead guilty to one count of use of a counterfeit credit card pursuant to the plea agreement. The initial pre-sentence report

("PSR") completed July 19, 1994, provided for the two-level reduction, producing a total offense level of ten.

On July 25, 1994, however, the Probation Office for the Western District of Missouri learned that Nguyen had traveled to Omaha, Nebraska, where he had been arrested on a new federal charge. On July 19, 1994, the Lincoln Police Department arrested Timothy Truong for attempting to purchase $1,500.00 in merchandise with a counterfeit credit card. The Secret Service was contacted, and Truong agreed to cooperate. During Truong's interview with the Secret Service, Truong was paged by an individual later identified as Nguyen. Arrangements were made for Nguyen to fly from Houston to Omaha to pick up merchandise purchased by Truong with counterfeit credit cards. From July 20 to July 21, a surveillance unit observed Nguyen, Truong, and a woman later identified as Arlene Ordiales make numerous purchases with counterfeit credit cards at various Omaha stores. On July 21, 1994, the three were arrested as they attempted to leave an Omaha mall. Nguyen was subsequently charged in the United States District Court for the District of Nebraska with conspiracy to use a counterfeit credit card.[2]

Based on this new information, the Probation Office for the Western District of Missouri filed an addendum to the PSR on July 29, 1994, detailing the new charge and recommending denial of the two-level reduction for acceptance of responsibility. The district court adopted the PSR's recommendation and denied Nguyen the reduction, resulting in a total offense level of twelve. As a result, Nguyen was sentenced to sixteen months incarceration, three years supervised release, and ordered to pay $9,107.61 restitution and a $50.00 special assessment. Nguyen appeals his sentence.

## II. DISCUSSION

■ Nguyen claims the district court erred in denying him the two-point reduction

2. Nguyen was subsequently convicted of conspiracy to use counterfeit credit cards and use of a counterfeit credit card in the United States District Court for the District of Nebraska. He was

sentenced to three years in prison and fined $7,500.00. Joy Powell, *Credit Card Probe Spreads to Phony Money*, OMAHA WORLD–HERALD, Feb. 8, 1995.

for acceptance of responsibility under U.S.S.G. § 3E1.1. He argues that he is entitled to the reduction because he acknowledged the facts which supported the Government's allegations and acknowledged the illegality of those acts. We afford great deference to the district court's finding that Nguyen was not entitled to a two-point reduction for acceptance of responsibility and will reverse only for clear error. *United States v. Farmer*, 32 F.3d 369, 372 (8th Cir.1994).

"Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction ... will constitute significant evidence of acceptance of responsibility...." U.S.S.G. § 3E1.1 n. 3. "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.* The key issue is whether the defendant has shown "a recognition and affirmative responsibility for the offense and sincere remorse." *United States v. Knight*, 905 F.2d 189, 192 (8th Cir.1990) (quotations omitted).

 We have difficulty imagining any behavior more inconsistent with acceptance of responsibility than the commission of the same type of offense while on bond. This Court has consistently denied the acceptance-of-responsibility reduction to defendants whose conduct belies their claims of contrition. *United States v. Thomas*, 989 F.2d 277 (8th Cir.1993) (denial of the acceptance-of-responsibility reduction was appropriate where defendant committed two offenses while on bond pending trial for two prior similar offenses); *United States v. Rodriguez*, 979 F.2d 138, 140 (8th Cir.1992) (any demonstrated propensity to repeatedly commit the same offense can be considered by the court in evaluating a present claim of contrition); *United States v. Hibbert*, 929 F.2d 434, 435 (8th Cir.1991) (defendant's continued criminal conduct while on bond pending trial for prior similar offenses supported the district court's denial of the acceptance-of-responsibility reduction); *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.) (de-

fendant's past failure to accept responsibility for his criminal conduct and his demonstrated propensity for flight could be used by the district court in evaluating defendant's claim of contrition despite his guilty plea), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Accordingly, we find no clear error.

## III. CONCLUSION

For the reasons discussed above, the sentence of the district court is affirmed.