**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-3849

United States of America,                    *
                                             *
            Appellee,                        *
                                             *  Appeal from the United States
      v.                                     *  District Court for the
                                             *  Eastern District of Arkansas.
Matthew Gregg Carman,                        *
                                             *          [UNPUBLISHED]
            Appellant.                       *


————————

Submitted: May 28, 1997
Filed: June 2, 1997

————————

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

————————

PER CURIAM.

Matthew Gregg Carman appeals the 24-month sentence imposed by the District Court[1] after he pleaded guilty to violating 18 U.S.C. § 4 (1994) (misprision of felony) by knowingly concealing a violation of 18 U.S.C. § 1957 (1994) (prohibiting monetary transactions that exceed $10,000 and involve proceeds of "specified unlawful activity" if defendant knows that funds are criminally derived). We affirm.

———————————————

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

Carman was president of M.A.T.T. Enterprises; M.A.T.T.'s vice-president and secretary-treasurer was Alica Ives. Ives, who was also chief financial officer for Fleming Electric, Inc., embezzled $471,100 from Fleming by forging checks made payable to M.A.T.T. On August 12, 1995, after Fleming officials discovered the embezzlement and confronted her, Ives closed M.A.T.T.'s bank account, receiving a $108,000 cashier's check which she turned over to Fleming. That night, Carman and Ives met with an attorney to sever their business relationship. Ives received M.A.T.T. (the corporation), and Carman received M.A.T.T.'s property. On August 14, 1995, Carman wrote a $100,000 check on M.A.T.T.'s closed bank account and deposited the check in an account he had opened that day. By the time the bank discovered the mistake, it had suffered a $36,500 loss. Ives was later convicted of mail fraud.

Carman argues for the first time on appeal that the District Court erred in calculating his sentence by imposing a two-level increase applicable if the defendant knew that the funds were "not merely criminally derived, but were in fact the proceeds of a specified unlawful activity." U.S. Sentencing Guidelines Manual § 2S1.2(b)(1)(B) commentary n.1 (1995). Carman admits that the funds were derived from the specified unlawful activity of mail fraud, see U.S. Sentencing Guidelines Manual § 2S1.2 commentary n.1 (1995) (stating that "specified unlawful activity" is defined to include racketeering offenses, drug offenses, and most other serious federal crimes), but contends that the government did not prove that he knew the funds were proceeds of mail fraud. We conclude that plain error did not occur as Ives testified at sentencing that she told Carman how she obtained the money during their August 12 meeting. See United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989) (standard of review).

We also conclude that the District Court did not clearly err when it imposed a three-level increase based on the value of the funds. See U.S. Sentencing Guidelines Manual § 2S1.2(b)(2) (1995). Ives deposited $471,100 of Fleming's money into M.A.T.T.'s bank account and, after learning that the money was illegally obtained, Carman kept all of M.A.T.T.'s assets, which had been purchased with this money. See

id. (referencing § 2S1.1(b)(2) which provides for three-level enhancement if value of funds exceeds $350,000); United States v. Leahy, 82 F.3d 624, 637 (5th Cir. 1996) (standard of review).

Furthermore, we conclude that the District Court did not err when it imposed a two-level increase for obstructing justice as there was evidence presented at sentencing from which the District Court could conclude that Carman threatened a witness during the official investigation. See U.S. Sentencing Guidelines Manual § 3C1.1 commentary nn.3(a), 6 (1995) (stating that threatening witness is conduct warranting obstruction enhancement); United States v. Sykes, 4 F.3d 697, 699 (8th Cir. 1993) (per curiam) (standard of review). We further conclude that the District Court did not abuse its discretion in basing this decision on the threatened individual's hearsay statements. See United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993) (noting that court may consider relevant hearsay testimony at sentencing provided testimony has sufficient indicia of reliability to support its probable accuracy; standard of review).

Finally, we conclude that the District Court did not clearly err by denying Carman an acceptance-of-responsibility reduction. See United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995) (standard of review); see also U.S. Sentencing Guidelines Manual § 3E1.1 commentary n.4 (1995) (noting that conduct resulting in obstruction enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct").

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-