United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-2574
_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *
      v.                                     *    Appeal from the United States
                                             *    District Court for the
Cesar Hernandez, also known as Frank         *    Western District of Arkansas.
Hernandez, also known as Ricardo             *
Hernandez,                                   *
                                             *    [UNPUBLISHED]
            Appellant.                       *

_____

Submitted:  July 18, 1997
Filed: July 24, 1997
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

PER CURIAM.


      Cesar Hernandez pleaded guilty to being unlawfully present in the United States,
having been previously convicted of a felony and deported, in violation of 8 U.S.C.
§ 1326(b)(1).  The district court[1] sentenced Hernandez to 30 months imprisonment and

_____

      [1]The Honorable H. Franklin Waters, United States District Judge for the Western
District of Arkansas.

two years supervised release, and he appeals.  Counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and was granted leave to withdraw.  We granted Hernandez leave to file a supplemental pro se brief, which he has not done.  We affirm.

In his <u>Anders</u> brief, counsel argues that the district court erred in denying Hernandez a downward adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1995).  We conclude the district court did not clearly err in denying the adjustment, given Hernandez's repeated illegal reentries into the United States, his lack of remorse, and his statement that he would reenter again. <u>See</u> <u>United States v. Thompson</u>, 60 F.3d 514, 517 (8th Cir. 1995) (standard of review); <u>United States v. Nguyen</u>, 52 F.3d 192, 194 (8th Cir. 1995) (defendant who enters guilty plea is not entitled to adjustment as matter of right; key issue is whether defendant demonstrated affirmative responsibility for offense and sincere remorse) (quoted case omitted); <u>United States v. Rodriguez</u>, 979 F.2d 138, 139-40 (8th Cir. 1992) (no clear error in denying acceptance-of-responsibility reduction where defendant had history of repeated illegal reentries into United States; noting "demonstrated propensity" to repeatedly commit same crime can be considered in evaluating present claim of contrition).

Having reviewed the record, we find no other nonfrivolous issues.  <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.