# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1121

_____

United States of America,

      Appellee,

v.

Russell Richard Wineman,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*
\*

_____

Submitted: September 24, 2010
Filed: November 29, 2010

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Russell Wineman pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and the district court[1] sentenced him to 235 months' imprisonment. Wineman appeals his sentence, arguing that the district court should have granted his request for a two-level reduction for acceptance of

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

responsibility under United States Sentencing Guidelines § 3E1.1(a). Because the district court did not clearly err in denying Wineman's request, we affirm.

From about July 2008 through April 2009, Wineman participated in a conspiracy to distribute methamphetamine in the vicinity of Mason City, Iowa. Based on search warrants executed at the residences of co-conspirators and statements from co-conspirators and others, law enforcement officials determined that Wineman was providing high-purity methamphetamine for resale. On June 18, 2009, a federal grand jury returned a five-count indictment against Wineman and four other individuals for their roles in the conspiracy. Wineman pled guilty to the first count, conspiracy to distribute 500 grams or more of a mixture containing methamphetamine and to distribute 50 grams or more of actual (pure) methamphetamine. He also admitted possessing a dangerous weapon during the conspiracy, truthfully admitted additional relevant conduct, and assisted law enforcement in locating all of the methamphetamine at his residence. As a result, the Presentence Investigation Report ("PSR") initially recommended a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Wineman was allowed to remain free on bond pending his sentencing.

On August 30, 2009, twenty days after the entry of his guilty plea, Wineman posted the following in the Waterloo, Iowa "rants and raves" section of the popular Internet site craigslist.org ("Craigslist"):

> The drug task force cops have it rough. They sit on their asses in new, off the lot, vehicles (which they change out on a weekly basis). They get full pay, while [expletive] [expletive] snitches do their [expletive] jobs so they can ruin families lives by sending people to prison for trying to support their family. All the meth dealers are doing is providing a service to people. Just like the gas station or grocery store. They don't force these addicts to buy meth, they just sell it to them. I'm going to prison for this exact reason. I fought and was denied disability for 7 years, In July 2009 I lost part of my foot due to diabetes. I supported my

family the only way I could. Now the tax payers will support me for the next 10 to life. So the next time you see [name omitted] or [name omitted] or any other N.I. drug task force cop, tell them THANX for raising your taxes. And if you know any snitches tell them the same.

The task force officers were able to verify that the poster was logged in using Wineman's e-mail account. As a result, the Government submitted the "rant" to the Probation Office and objected to the acceptance-of-responsibility reduction. In response, Wineman objected to the inclusion of the rant in the PSR and denied that he posted it, noting that Craigslist "is a public forum" where anyone could pretend to be him.

Wineman was scheduled to appear for sentencing on December 14, 2009. Early that morning, he requested a continuance on the basis that the weather would render travel to the courthouse difficult. The district court was "suspicious" of Wineman's request because "the weather wasn't that bad," and required Wineman to appear as scheduled. The district court's suspicions were confirmed when, prior to the sentencing hearing, Wineman submitted to a drug screening and tested positive for methamphetamine. Despite the test result, Wineman denied that he had used methamphetamine while on bond. The district court continued the sentencing until January 6, 2010.

At his January 6 sentencing hearing, Wineman admitted that he wrote the Craigslist rant and that the December 14 drug test was accurate. The parties disputed whether Wineman was entitled to any reduction for acceptance of responsibility under § 3E1.1. Based on the statements in the rant, Wineman's false claim in his objection to the PSR that he did not write the rant, and Wineman's positive drug test on December 14, the district court denied the acceptance-of-responsibility reduction. Wineman was sentenced to 235 months' imprisonment, the top end of the resulting advisory guidelines range. Wineman now appeals, arguing that the district court erred in denying the acceptance of responsibility reduction.

We review a sentence in two parts. First, we "ensure that the district court committed no significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Second, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* With respect to the advisory guidelines calculation, we review the denial of a reduction for acceptance of responsibility for clear error. *United States v. Canania*, 532 F.3d 764, 772 (8th Cir. 2008). The defendant has the burden to establish that he has "clearly demonstrated" entitlement to the reduction. *United States v. Herron*, 539 F.3d 881, 887-88 (8th Cir. 2008).

Wineman emphasizes that the Craigslist rant did not deny any aspect of his role in the conspiracy, did not identify any undercover law enforcement officers or informants, and did not request any retaliation against law enforcement. He characterizes the rant merely as an expression of frustration with his physical disability and the denial of disability benefits. Notwithstanding the rant, Wineman argues that his timely guilty plea, his timely admission of all relevant conduct (including drug quantity and possession of a firearm), and his assistance in helping authorities recover methamphetamine from his residence are sufficient to merit a reduction for acceptance of responsibility.

Wineman is correct that a timely guilty plea and admission of relevant conduct "constitute significant evidence of acceptance of responsibility," but "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *United States v. Nguyen*, 52 F.3d 192, 194 (8th Cir. 1995) (quoting U.S.S.G. § 3E1.1 cmt. n.3). "The key issue is whether the defendant has shown 'a recognition and affirmative responsibility for the offense and sincere remorse.'" *Id.* (quoting *United States v. Knight*, 905 F.2d 189, 192 (8th Cir. 1990)). In this case, we agree with the district court that the Craigslist rant is inconsistent with any acceptance of responsibility by Wineman. In the rant, Wineman places responsibility for his offense on the "addicts" who bought his product and on the

unnamed officials who denied him disability benefits. Wineman's only regret appears to be that law enforcement officers and informants had the temerity to disrupt the methamphetamine "service" he provided to his community, a service he equates to the local "gas station or grocery store." This is far removed from "a recognition and affirmative responsibility for the offense and sincere remorse." *Nguyen*, 52 F.3d at 194 (quoting *Knight*, 905 F.2d at 192).

Moreover, the other grounds cited by the district court—Wineman's pre-sentencing use of methamphetamine and his false statement to the Probation Office about the authorship of the rant—also are inconsistent with acceptance of responsibility. Indeed, each of those grounds by itself can be sufficient to support a district court's denial of a reduction under § 3E1.1. *See, e.g., United States v. Poplawski*, 46 F.3d 42, 43 (8th Cir. 1995) (affirming the denial of an acceptance-of-responsibility reduction based on the defendant's post-conviction drug use because "continued use of a drug is related to the offense of conspiring to manufacture and distribute that drug"); *United States v. Londondio*, 420 F.3d 777, 790 (8th Cir. 2005) (affirming the denial of an acceptance-of-responsibility reduction because the defendant's "misrepresentation to the probation officer about his criminal record was inconsistent with acceptance of responsibility"). We conclude that the district court did not clearly err in denying a reduction under § 3E1.1 for acceptance of responsibility.

After finding, as we have here, that the district court did not commit significant procedural error in calculating the advisory guidelines range, we ordinarily would review the substantive reasonableness of the sentence pronounced by the district court. *See Gall*, 552 U.S. at 51. However, because Wineman did not provide any

argument in his briefs regarding the reasonableness of his sentence, we need not address this issue. *See United States v. Fischer*, 551 F.3d 751, 756 (8th Cir. 2008).

For the foregoing reasons, we affirm Wineman's sentence.

_____