# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3913

_____

United States of America,            *
                                     *
              Appellee,              *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    Western District of Arkansas.
Arwah J. Jaber,                      *
                                     *
              Appellant.             *

_____

Submitted: October 15, 2007
Filed: December 5, 2007

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Arwah J. Jaber of false statement on naturalization application under 18 U.S.C. § 1015(a), false statement on passport application under 18 U.S.C. § 1542, unlawful procurement of naturalization under 18 U.S.C. § 1425(a), and two counts of use of false social security number under 42 U.S.C. § 408(a)(7)(B). Stripped of citizenship, he was sentenced to 15 months' imprisonment concurrently on each count. Jaber argues the district court[1] lacked jurisdiction and venue to convict for false statement on the naturalization application and unlawful procurement of

_____

[1]The Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

naturalization. Alternatively, he asserts error in denying his jury instruction for venue. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Jaber became a permanent resident of the United States in September 1996. He prepared an Application for Naturalization on August 16, 2000. Specifically, he wrote "none" to whether he had used other names since becoming a permanent resident, and checked "no" to whether he had knowingly committed a crime for which he had not been arrested. Jaber filed the application in Lincoln, Nebraska, on August 21, 2000.[2] Immigration Services contacted him via letter, asking him to come in for an interview in Kansas City, Missouri.

On January 30, 2001, Jaber arrived at the Kansas City immigration office. Placed under oath, he said that his address had changed from Pittsburg, Kansas, to Fayetteville, Arkansas. This change was noted on the application. Jaber also affirmed he had not used any other names since becoming a permanent resident and had not knowingly committed any crime for which he had not been arrested. After changing the address, the immigration officer recognized that Kansas City no longer had jurisdiction. The officer, though, completed the interview, instructed Jaber to sign the application (thus affirming his oath), and then forwarded the application to Fayetteville, which is located in the Western District of Arkansas.

The Immigration Service sent Jaber the Notice of Naturalization Oath Ceremony, asking him to attend the naturalization ceremony in Fayetteville. He also completed a questionnaire in connection with his naturalization application, reaffirming that he had not knowingly committed a crime for which he had not been arrested. He was asked to bring this questionnaire to the ceremony. His signature on

---

[2]The Nebraska Service Center processes naturalization applications from Pittsburg, Kansas, Jaber's original address on his application.

the questionnaire certified he signed it at Fayetteville, Arkansas. On July 2, 2001, Jaber was naturalized in Fayetteville.

## II.

Jaber argues venue was not proper in the Western District of Arkansas for the two charges whose acts he alleges occurred in other districts. Proper venue is required by Article III, section 2 of the United States Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure. *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006), *citing United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998). The government must prove venue by a preponderance of the evidence. *United States v. Diaz-Diaz*, 135 F.3d 572, 577 (8th Cir. 1998); *United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir. 1995); *United States v. Delgado*, 914 F.2d 1062, 1064 (8th Cir. 1990). Venue may be established by direct or circumstantial evidence. *United States v. Chandler*, 66 F.3d 1460, 1470 (8th Cir. 1995).

A violation of false statement on a naturalization application requires that someone "knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization." **18 U.S.C. § 1015(a)**. The indictment alleges Jaber made a false statement on his naturalization application in the Western District of Arkansas on or about August 16, 2000, by stating "none" to whether he had used other names since becoming a permanent resident.

"[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." **18 U.S.C. § 3237(a)**. The Second Circuit has held that "a violation only occurs when the false statement made upon a paper required by the immigration laws is actually used for a purpose required by those laws." *United States v. Bithoney*, 472 F.2d 16, 23 (2d Cir.

-3-

1973).  In *Bithoney*, the charge was violating 18 U.S.C. § 1015(d), which proscribes knowingly making any false statement or acknowledgment regarding an appearance, oath, or signature with respect to any naturalization papers.  *Id.* at 18; **18 U.S.C. § 1015(d)**.  The physical act of signing the acknowledgment occurred in Boston, Massachusetts, but the acknowledgment was filed in Buffalo, New York, in the Western District of New York.  *Id.*  The Second Circuit found venue proper in the Western District of New York because the violation was not completed until the papers were filed in Buffalo – the place "having jurisdiction over . . . where the petitioner is residing in the United States."  *Id.* at 23.  Similarly, here, the naturalization application was forwarded to and filed in Fayetteville – the place having jurisdiction over Jaber's stated residence.  There the application was used for the statutory purpose, naturalization.  Therefore, venue was proper in the Western District of Arkansas as to the violation of 18 U.S.C. § 1015(a).

A conviction for unlawful procurement of naturalization requires that someone "knowingly procures or attempts to procure, contrary to law, the naturalization of any person."  **18 U.S.C. § 1425(a)**.  The indictment alleges that "on or about August 16, 2000, and continuing through January 30, 2001, in the Western District of Arkansas," Jaber attempted to procure and did obtain unlawful naturalization by twice stating "none" to the use of other names since he became a permanent resident and twice answering "no" to whether he had ever knowingly committed a crime for which he had not been arrested.

Jaber's argument on appeal is that during the specific time frame in the indictment, he committed no acts in the Western District of Arkansas.[3]  It is

---

[3]Jaber did not object to the jury instruction that the evidence did not need to establish the exact dates in the indictment, but only "a date reasonably near the date alleged."  *See **United States v. Looking Cloud**, 419 F.3d 781, 788 (8th Cir. 2005) ("A party cannot preserve a claim of instructional error for appellate review unless he makes a sufficiently precise objection and also proposes an alternate instruction.").

undisputed that Jaber did obtain naturalization in the Western District of Arkansas on July 2, 2001. The July date is indicated by the indictment's allegation that he "did obtain" naturalization. Jaber's unlawful procurement of naturalization began in other districts, but was continued and completed in the Western District of Arkansas. *See* **18 U.S.C. § 3237(a)**; *cf.* **Bithoney**, 472 F.2d at 23. Therefore, venue was proper in the Western District of Arkansas for the violation of 18 U.S.C. § 1425(a).

## III.

Jaber contends that the district court erred in denying his jury instruction on venue. This court reviews for abuse of discretion the district court's determination whether to submit a particular jury instruction. **Bascope-Zurita**, 68 F.3d at 1062. Venue ordinarily is a question of fact for the jury and must be instructed upon if in issue. **Id.** However, when the evidence establishing venue is very clear or uncontradicted, the district court may resolve the issue as a matter of law. **Id.**

Here, the facts relating to venue are undisputed. Therefore, failure to give the jury a venue instruction was not abuse of discretion.

## IV.

The judgment of the district court is affirmed.

_____