# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3415

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Jacinto Rivera-Mendoza, | * | Appeal from the United States |
| also known as "Don," | * | District Court for the |
| also known as "Tio," | * | Northern District of Iowa. |
| also known as "Don Jacinto," | * | |
| also known as "Colima," | * | |
| also known as "Salvador | * | |
| Figueora-Arias," | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: April 17, 2012
Filed: June 22, 2012

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____


BENTON, Circuit Judge.


Jacinto Rivera-Mendoza, a Mexican citizen, pled guilty to conspiracy to distribute methamphetamine and re-entry as a previously removed alien. He

challenges venue on the re-entry charge and appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Rivera-Mendoza was deported from the United States in 2005. He returned illegally in February 2010 and began managing a meth operation from Iowa. In July, agents from the Drug Enforcement Administration placed a wiretap that recorded Rivera-Mendoza using various aliases. A grand jury indicted "Salvador Figueora-Arias," one such alias, on meth-related counts. On September 20, agents arrested Rivera-Mendoza in Des Moines, in the Southern District of Iowa. He had three forms of false identification but admitted his illegal presence and gave his true name and date of birth. For arraignment that afternoon, authorities hauled him to Cedar Rapids, in the Northern District of Iowa. Conducting finger-print and photo analysis there, authorities confirmed his identity, learned of his deportation, and added the re-entry charge. Rivera-Mendoza moved to dismiss that charge for improper venue. The district court[1] denied the motion. He then entered a plea agreement. He pled unconditionally to the conspiracy, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. He conditioned his plea to re-entry, in violation of 8 U.S.C. § 1326(a), on his right to appeal venue.

The district court calculated the base offense level at 38. It enhanced the sentence two levels for drug importation, **U.S.S.G. § 2D1.1(b)(5)**, and three levels for his managerial role, **§ 3B1.1(b)**. It did not grant a three-level, acceptance-of-responsibility reduction. **§ 3E1.1(a) and (b)**. With an offense level of 43 and a criminal history category of I, the advisory range was life. The district court imposed a 420-month sentence.

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

I.

A denial of a motion to dismiss for improper venue is reviewed de novo. *United States v. Howell*, 552 F.3d 709, 712 (8th Cir.), *cert. denied*, 129 S. Ct. 2812 (2009). The Sixth Amendment guarantees a trial in the district where the alleged crime occurred. The government must prove venue by a preponderance of the evidence. *United States v. Jaber*, 509 F.3d 463, 465 (8th Cir. 2007).

It is illegal for a previously-deported alien to be "found in" the United States. **§ 1326(a)**. Violations may be prosecuted at the place of apprehension. **8 U.S.C. § 1329**. The offense is continuous and is not complete until the alien "is discovered by immigration authorities." *United States v. Diaz-Diaz*, 135 F.3d 572, 575 (8th Cir. 1998). "Discovery" requires both learning the alien's physical presence and ascertaining the alien's identity and status. *Id.* at 577.

Rivera-Mendoza was not found in the Southern District because authorities there had not ascertained his deportation status. Authorities in the Northern District determined he was prosecutable under § 1326(a) only after uncovering the 2005 deportation. That required identity confirmation and completion of finger-print and photo analysis. Rivera-Mendoza unpersuasively relies on a Ninth Circuit case where the defendant was found in Oregon, transported to Washington, and "found" again. *United States v. Hernandez*, 189 F.3d 785, 787 (9th Cir. 1999). In contrast, Rivera-Mendoza was found once. Venue was proper in the Northern District of Iowa.

II.

Rivera-Mendoza argues that the district court erred procedurally by applying the importation enhancement and refusing to grant an acceptance-of-responsibility reduction. He also attacks the 420-month sentence as substantively unreasonable.

This court reviews findings of fact for clear error and the application of Sentencing Guidelines de novo. *United States v. Miell*, 661 F.3d 995, 997 (8th Cir. 2011), *cert. denied*, 132 S. Ct. 1777 (2012). Reversal under clearly erroneous review requires a "definite and firm conviction that a mistake has been committed." *United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006), *quoting Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

The district court found "by a preponderance of the evidence that . . . a certain amount of [the drugs] were imported from Mexico." The Guidelines mandate a two-level enhancement "[i]f the offense involved the importation of . . . methamphetamine or the manufacture of . . . methamphetamine from listed chemicals that the defendant knew were imported unlawfully . . . ." **§ 2D1.1(b)(5)**. The burden of proof is the government's. *See United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008).

The district court did not clearly err by imposing the enhancement. Steven R. Warner was a former DEA agent who investigated the conspiracy and interviewed Rivera-Mendoza in Des Moines (with the aid of an interpreter). Rivera-Mendoza said he admitted to Warner that a courier, who delivered a meth load, came from Mexico. At sentencing, Warner testified that he interpreted this admission to mean the courier "had come up from Mexico with 8 pounds of methamphetamine, which was delivered to [Rivera-Mendoza]." Warner testified that the meth seized during the arrest, given its type and purity, likely came from a Mexican "super lab." On cross-examination, he conceded that "super labs" exist in the United States, including states where the conspiracy operated. Rivera-Mendoza made (wire-tapped) calls to cell phones with Mexican area codes. While those phones were operable within the United States, he made calls to Mexican meth sources, who identified their location as "Tecomán," a city in Colima, Mexico, and made references to the border and places in Mexico. (However, authorities never recorded Rivera-Mendoza discussing meth importation,

and no cooperating co-conspirator testified to importation.)  Rivera-Mendoza sent drug proceeds to Mexico.

Rivera-Mendoza argues § 2D1.1(b)(5)'s "knew" requirement modifies both the "importation of meth" and the "manufacture of meth from listed chemicals."  This court need not make that determination.  Based on the evidence here, the district court found that he falsely denied the importation.  Implicit in that finding is a finding that Rivera-Mendoza knew of the importation.  *See United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir.) (declining to "reach the question . . . because there is sufficient evidence to support the finding that [defendant] knew" of the importation), *cert. denied*, ___ S. Ct. ____, 2012 WL 1050312 (Apr. 30, 2012); *cf. United States v. Beltran-Aguilar*, 412 Fed. Appx. 171, 175 n.2 (10th Cir. 2011) (unpublished) (finding defendant knew of the importation but noting the knowledge requirement does not appear to apply to importation).

Next, Rivera-Mendoza appeals the district court's refusal to grant a three-level, acceptance-of-responsibility reduction.  If the defendant clearly demonstrates acceptance of responsibility, the sentence is decreased two levels.  **§ 3E1.1(a)**.  If the defendant gives timely notice of the intention to plead guilty, there is an additional one-level reduction.  **§ 3E1.1(b)**.  A defendant acts inconsistently with the acceptance of responsibility when he or she "falsely denies . . . relevant conduct" determined by the court to be true.  **§ 3E1.1 n.1**.

The district court refused the reduction, finding that Rivera-Mendoza falsely denied the importation and falsely claimed his participation was coerced by threats. The district court's denial is reviewed for clear error.  ***United States v. Wineman***, 625 F.3d 536, 538 (8th Cir. 2010); *see **Martinez***, 446 F.3d at 881.  The burden to demonstrate acceptance of responsibility is the defendant's.  ***United States v. Wallenfang***, 568 F.3d 649, 661 (8th Cir.), *cert. denied*, 130 S. Ct. 556 (2009).  The

issue is whether the defendant recognizes and takes affirmative responsibility for his conduct and shows remorse for it. ***Unites States v. Erhart***, 415 F.3d 965, 971 (8th Cir. 2005).

In its Presentence Report, the Probation Office recommended the reduction; the government did not object. At sentencing, the court raised whether there was an issue on acceptance of responsibility. The government responded that Rivera-Mendoza "contested" the importation. Rivera-Mendoza argues he should not be penalized for a "good faith" objection to the importation enhancement, especially when he pled guilty and generally cooperated with authorities. He emphasizes that the Probation Office "did not observe evidence within the discovery file" for the enhancement. However, based on the evidence summarized above, the district court found that he did falsely deny relevant conduct. In addition, the district court found "simply no evidence" of coercion; Rivera-Mendoza had stated in his sentencing memorandum that he "was often threatened" and "his family in Mexico would be harmed if [he] did not continue to work in the conspiracy." Rivera-Mendoza relies on *United States v. Lee*, 653 F.3d 170 (2d Cir. 2011), but it is inapposite because the district court there had already ruled that the defendant qualified for the two-level acceptance of responsibility, and the issue was whether the government properly refused to move for the third-point reduction. The district court's refusal to grant a reduction here was not clearly erroneous.

Finally, Rivera-Mendoza appeals the substantive reasonableness of his sentence. He claims 420 months is greater than necessary because he has no prior convictions, did not use violence or possess weapons, and is 50 years old. Review is for an abuse of discretion. ***United States v. Feemster***, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); *see also* ***United States v. Lozoya***, 623 F.3d 624, 626 (8th Cir. 2010) (evaluating whether the court failed to consider a relevant factor, weighed an improper or irrelevant factor, or committed a clear error of judgment when analyzing

appropriate factors). A sentence within the advisory guidelines, as here, is presumed reasonable on appeal. *United States v. Underwood*, 639 F.3d 1111, 1114 (8th Cir. 2011). The district court "carefully considered" the 18 U.S.C. § 3553(a) factors. The sentence was not an abuse of discretion.

*******

The judgment of the district court is affirmed.

_____