# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2622

_____

United States of America,

*Plaintiff - Appellee,*

v.

Brian Trotter,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: January 18, 2013
Filed: July 17, 2013

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Brian Trotter was charged with unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Trotter pleaded not guilty, and the case proceeded to trial. At the close of the government's case, Trotter moved for a judgment of acquittal, contending that the government had adduced

insufficient evidence of identity and venue. The district court[1] denied the motion, and the jury convicted Trotter. The court sentenced Trotter to 110 months' imprisonment. Trotter appeals, and we affirm.

I.

Clay Nolte, a senior special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, was investigating armed drug dealers in Omaha, Nebraska, during February and March of 2011. Nolte learned from a confidential informant that a methamphetamine dealer named Brian Trotter wanted to purchase guns. Nolte ran a background check on Trotter and discovered that he was a convicted felon who was prohibited from possessing firearms. Nolte spoke to Trotter over the phone, and they arranged to meet at an apartment building on March 7, 2011. At the meeting, Nolte showed Trotter four firearms, and Trotter paid for two of them with a combination of cash and methamphetamine. After Nolte handed Trotter the guns, other officers entered the apartment and arrested Trotter.

During his testimony at trial, Nolte identified the guns that he sold to Trotter, stated that they were still in the same condition, and said that he had tested the guns to ensure they could fire live rounds. A different agent with specialized training in firearms testified that the guns were not produced in Nebraska, so they must have moved in interstate commerce.

Trotter stipulated that he previously had been convicted of a felony. The stipulation—agreed to by "the plaintiff, United States of America, and the defendant, Brian Trotter"—was read into evidence. After reading the stipulation, the government rested its case.

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Trotter moved for a judgment of acquittal. He argued that there was insufficient evidence of identity, because no witness identified the Brian Trotter in the courtroom as the same Brian Trotter who purchased the guns on March 7. He also maintained that there was no evidence establishing that venue was proper—that is, that the crime occurred in the District of Nebraska. The district court denied the motion as to venue, but reserved judgment as to identity. Trotter presented no evidence and rested his case. The jury convicted Trotter, and the district court denied Trotter's motion for judgment of acquittal. Before sentencing, Trotter moved for a new trial, again contending that the evidence was insufficient to support his conviction. The court denied the motion.

At sentencing, the district court determined that Trotter's base offense level was 24, based on two prior felony convictions for crimes of violence: (1) assault by a confined person, and (2) possession of a short-barreled shotgun. *See* USSG § 2K2.1(a)(2). The court also found that during the instant offense, Trotter possessed the firearms in connection with another felony—possession with intent to distribute methamphetamine—and therefore applied a four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B). The court sentenced Trotter within the advisory guideline range to 110 months' imprisonment. Trotter appeals, arguing that the district court committed multiple errors.

## II.

Trotter's lead argument is that the court erred by denying his motion for judgment of acquittal because there was insufficient evidence to establish identity. Trotter contends that none of the testimony about "Brian Trotter" gave the jury a sufficient basis to conclude that the Brian Trotter in the courtroom was the same Brian Trotter who possessed the firearms. We review the denial of a motion for acquittal *de novo*, reversing only if no reasonable jury could have found Trotter guilty beyond a reasonable doubt. *United States v. Winn*, 628 F.3d 432, 439 (8th Cir. 2010).

There was sufficient evidence to support the jury's finding that the defendant was the person who committed the offense. "Courtroom identification is not necessary when the evidence is sufficient to permit the inference that the defendant on trial is the person who committed the acts charged." *United States v. Hyles*, 521 F.3d 946, 955 (8th Cir. 2008) (internal quotation and alteration omitted). Although much of the testimony established only that a "Brian Trotter" possessed the weapons, the prosecution linked some evidence to the defendant in the courtroom. The government introduced the testimony of the arresting officer, who answered affirmatively that his "responsibility [was] to take down *the defendant*," T. Tr. 61 (emphasis added), and that he arrested "Mr. Brian Trotter." T. Tr. 62. At trial, the government read into evidence a stipulation between the United States and "*the defendant*, Brian Trotter." T. Tr. 212. Because there was only one defendant on trial, the jury reasonably could have inferred that "the defendant" named Brian Trotter whom the officer arrested was the same "defendant" named Brian Trotter who appeared at the trial and executed the stipulation. *See United States v. Green*, 757 F.2d 116, 119 (7th Cir. 1985).

Trotter also argues that there was insufficient evidence to establish that the crime occurred in the District of Nebraska. The government must prove venue by a preponderance of the evidence. *United States v. Rivera-Mendoza*, 682 F.3d 730, 733 (8th Cir. 2012). One officer testified that the sting operation occurred "here in the Omaha area." T. Tr. 21. Another officer was asked, "where in Omaha is the apartment," and replied that it was "in the area of I-80 and 72nd Street exit." T. Tr. 121. That evidence was sufficient to permit an inference that the crime occurred in the District of Nebraska. We therefore conclude that the district court did not err in denying Trotter's motion for judgment of acquittal. For essentially the same reasons, there was no miscarriage of justice, and the court did not abuse its discretion in denying Trotter's motion for new trial.

Trotter's three remaining arguments are without merit. First, he argues that the district court abused its discretion by admitting the firearms into evidence. "Where a . . . physical object is offered as evidence in a criminal prosecution, an adequate foundation for the admission of that object requires testimony first, that such object is the same object which was involved in the alleged incident, and that the condition of that object is substantially unchanged." *United States v. Robinson*, 617 F.3d 984, 990 (8th Cir. 2010) (internal quotation omitted). Agent Nolte established that the weapons introduced at trial were the same as those he handed to Trotter in the undercover transaction. Nolte also testified that the condition of the guns at trial was the same as their condition on March 7. That testimony established a foundation for the admission of the firearms, so the court did not abuse its discretion.

Next, Trotter argues that the district court committed procedural error at sentencing when it found that he previously had been convicted of two crimes of violence—assault by a confined person and possession of a short-barreled shotgun. *See* USSG § 2K2.1(a)(2). Trotter argues that possession of a short-barreled shotgun is not a crime of violence, but this contention is foreclosed by circuit precedent. *United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999). The district court correctly calculated Trotter's base offense level.

Finally, Trotter says the court erred at sentencing by finding, for purposes of USSG § 2K2.1(b)(6)(B), that he possessed the guns in connection with another felony—namely, possession with intent to distribute methamphetamine. He argues that the government failed to prove at trial that the substance he brought to the apartment on March 7 was methamphetamine. Whatever the evidence at trial, the government introduced at sentencing a laboratory report that supported the district court's finding that Trotter gave Nolte methamphetamine in exchange for the firearms. Trotter offers no reason to doubt the accuracy of the report, so we see no clear error in the district court's determination.

\*     \*     \*

The judgment of the district court is affirmed.

_____