# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1393
_____

United States of America

*Plaintiff - Appellee*

v.

Javier Contreras Arredondo, also known as Javier Contreeas Arredondo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: October 27, 2020
Filed: October 30, 2020
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Javier Contreras Arredondo appeals after he pleaded guilty to a drug offense. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Arredondo has also submitted a pro se brief.

Arredondo challenges the district court's[1] denial of a mitigating-role reduction, and the imposition an enhancement under U.S.S.G. § 2D1.1(b)(5) (applying 2-level enhancement if the offense involved the importation of methamphetamine the defendant knew was imported unlawfully). After careful review, we find no clear error. *See United States v. Hunt*, 840 F.3d 554, 557 (8th Cir. 2016) (standard of review; stating that a mitigating-role reduction applies to a participant substantially less culpable than the average participant in the criminal activity, but does not provide an "affirmative right" to a reduction for all actors but the criminal mastermind); *United States v. Rivera-Mendoza*, 682 F.3d 730, 733-34 (8th Cir. 2012) (standard of review; affirming the imposition of an importation enhancement where the defendant made calls to Mexican methamphetamine sources and sent drug proceeds to Mexico). We also conclude that the district court did not abuse its discretion in sentencing Arredondo, as the record indicates that the district court properly considered the 18 U.S.C. § 3553(a) factors. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (stating that under a substantive reasonableness review, the district court abuses its discretion if it "fails to consider a relevant factor," "gives significant weight to an improper or irrelevant factor," or "commits a clear error of judgment" in weighing the factors).

As to Arredondo's remaining pro se arguments, we conclude that he has not established an unwarranted sentencing disparity. *See United States v. Carr*, 895 F.3d 1083, 1091 (8th Cir. 2018) (stating that a sentencing-disparity argument requires the defendant to show there are comparators with a similar record who engaged in similar conduct). We defer any ineffective-assistance claims for collateral proceedings. *See United States v. McAdory,* 501 F.3d 868, 872 (8th Cir. 2007). Further, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988),

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

we find no nonfrivolous issues for appeal.  Accordingly, we grant counsel's motion, and affirm.

_____