# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1168
_____

United States of America

*Plaintiff - Appellee*

v.

Sergio Dominguez, also known as Cesar

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 16, 2020
Filed: January 28, 2021
[Unpublished]
_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Sergio Dominguez pled guilty to conspiring to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. At sentencing, the district court[1] applied a two-level enhancement under § 2D1.1(b)(5)

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

of the United States Sentencing Guidelines because Dominguez's offense involved the importation of methamphetamine, which resulted in an advisory Guidelines range of 210-262 months' imprisonment. The district court varied downward and sentenced Dominguez to a term of 200 months' imprisonment. Dominguez appeals the district court's application of the enhancement. We affirm.

Section 2D1.1(b)(5) provides for a two-level enhancement if "the offense involved the importation of . . . methamphetamine" and "the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role)."[2] At sentencing, the district court took evidence about the application of the enhancement, including testimony from Brandon Kirkley ("Kirkley") of the Grand Island Police Department, who was one of the investigators in Dominguez's case.

Kirkley testified that law enforcement worked with a confidential informant ("CI") who made thirteen controlled buys from Dominguez and his co-conspirators. In the course of his dealings with the CI, Dominguez related that he was working with the Sinaloa drug cartel in Mexico. Another cooperating individual reported that Dominguez had informed him the drugs sold in Grand Island came from Sinaloa. In addition, law enforcement placed a GPS tracker on Dominguez's car, which showed the car was in Mexico three times during the investigation and that on two of those occasions controlled buys took place shortly thereafter. Kirkley also testified that the investigation failed to identify any conspirator other than Dominguez who made frequent trips to the southwest United States and Mexico. Finally, the court received into evidence three exhibits containing a summary of Dominguez's travel to Mexico from the GPS tracker, and summaries of two conversations the CI had while making controlled buys from the cooperating individual and Dominguez. Based on this evidence, the district court found the two-level increase under § 2D1.1(b)(5) was warranted.

---

[2]Dominguez did not receive a mitigating role reduction.

Dominguez argues on appeal that Kirkley's testimony about his statements to the CI and the cooperating individual is unreliable because it is double hearsay and because the cooperating individual was not fluent in English. These arguments are unavailing because the Rules of Evidence do not apply to sentencing proceedings, and "hearsay evidence, even double hearsay, can be used at sentencing proceedings if it bears sufficient indicia of reliability to support its probable accuracy." United States v. Ngombwa, 893 F.3d 546, 557 (8th Cir. 2018) (cleaned up). As a general principle, when hearsay evidence at sentencing is corroborated, it is sufficiently reliable. Id. There is ample corroborating evidence in the record to support the district court's finding that Dominguez was affiliated with the Sinaloa cartel and that he was importing drugs into the United States from Mexico. There is no indication in the record of communication difficulties between law enforcement and the cooperating witness. The hearsay evidence was sufficiently reliable to be considered by the court when determining whether the sentencing enhancement was applicable.

Dominguez also argues the district court erred in finding his trips to Mexico were related to the importation of methamphetamine. Findings of fact are reviewed for clear error. United States v. Rivera-Mendoza, 682 F.3d 730, 733 (8th Cir. 2012). "Reversal under clearly erroneous review requires a 'definite and firm conviction that a mistake has been committed.'" Id. (quoting United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006)). Although Dominguez offered an innocent explanation for his presence in Mexico, the district court reasonably made a determination that Kirkley's testimony was more credible than the claim that Dominguez trips were to visit family.

We affirm the judgment of the district court.

_____